No. 26.—SAMUEL GRISWOLD, plaintiff in error, *vs.* JOHN
SCOTT, defendant in error.

[1.] Parol evidence cannot be received to enlarge or add to a written con-
tract.

[2.] When a plaintiff's right to recover on a contract depends on a condition
precedent, to be performed *by him,* he must allege, and prove the per-
formance of such condition precedent, or allege a sufficient legal excuse
for its non-performance.

[2.] But where, by the terms of the contract, the interest, and title to the
property conveyed, vests immediately and absolutely in the vendee, and
the contract is to be rescinded or defeated by a *condition subsequent,* or by
some *ex post facto* matter to be done by the vendee, such condition subse-

Griswold *vs.* Scott.

quent, or *ex post facto* matter, need not be alleged and proved by the vend�8e, to enable him to recover the price of the property so conveyed, for the reason, that it is a matter of defence, to be taken advantage of by the defendant.

[4.] Where, by the terms of the contract between the parties, the vendor sold and delivered a cotton gin to the vendee, who promised to pay the vendor eighty dollars therefor, "if on trial it performs well, for value received, by the 25th December, 1850 :" *Held*, that the vendee was, *prima facie* liable to pay the eighty dollars to the vendor for the gin ; but it was competent for him to plead and prove, that within a *reasonable* time after receiving the machine he gave it a fair trial ; that it did not perform well ; that within a like reasonable time he gave to the vendor *notice* of such facts, and offered to rescind the contract on that account, by returning the machine ; this being established, the plaintiff will not be entitled to recover anything ; otherwise, the plaintiff will be entitled to recover the full amount due under the contract.

Statutory action, in Bibb Superior Court. Tried before Judge POWERS, at November Term, 1852.

The action was founded on the original of this paper, viz :

$80.00.                          CLINTON, GA. January, 1849.

Received of Samuel Griswold, one forty saw gin, with Reed's Patent Boxes, and if on trial, it performs well, I promise to pay said Griswold, or bearer, eighty dollars, for value received, by the 25th day of December, 1850.

JOHN SCOTT, [L. S.]

Defendant pleaded the general issue, and special plea that "the gin was warranted to gin 1000 lbs. gin cotton per day, or two bags of 450 to 500 lbs. and if it did not come up to the warranty, defendant might return it or deliver it at defendant's own farm, to plaintiff's agent," and alleged that the gin did fail, and that he delivered it to plaintiff's agent.

On the trial on appeal, before going to the Jury, plaintiff moved to strike out the special plea.

1st. Because it sought to enlarge and change a written contract by oral testimony, (the defendant admitting that he had only oral testimony.)

2d. It sets up partial failure to a sealed contract.

The Court sustained the plea excepted to, and intimated that plaintiff must prove performance as a condition precedent, plaintiff having read some testimony on that point, and the contract *closed.*

Defendant offered to read H. A. Scott's answers, which plaintiff objected to, and especially to these parts, viz: The gin "was to be a water-box gin"—"was to pick 900 or 1000 lbs. or two bags a day"—"was to run light enough for two mules to do the work."

That " he saw the gin after delivery and before use, and it was not such as the contract described." That "it was the agent's business that if the gin did not suit, the plaintiff was to take it back and send another."

The Court let in all the answers; and plaintiff excepted and assigns error.

1st. The special plea ought to have been stricken.

2d. In intimating his opinion as to the nature of the contract, and in *charging,* as he *did,* that the contract of defendant was a conditional one, and plaintiff must prove as a condition precedent the good performance of the gin, and refusing plaintiff's request to charge the contrary.

3d. In admitting H. A. Scott's answers.

4th. In charging, *as he did,* that the contract was indivisible.

5th. In charging, *as he did,* that if defendant, having given the gin a fair trial, did give plaintiff notice of its failure at *any time* before the contract fell due, they must find for defendant. The Jury found a verdict for the plaintiff for twenty dollars.

And upon thsee exceptions error was assigned.

Rutherford, for plaintiff, in error.

Stubbs & Hill, for defendant in error.

*By the Court.*—Warner, J. delivering the opinion.

Griswold *vs.* Scott.

[1.] The Court below erred in not striking out so much of the defendant's plea as alleged, "that the plaintiff warranted the machine to gin one thousand pounds of cotton per day, or at least two bales per day, weighing from 450 to 500 lbs; and that if it did not come up to the warranty, that defendant might return it, or deliver it at defendant's farm, to plaintiff's agent.

The allegations in the plea added to and enlarged the contract made by the parties, as shewn by the instrument sued on, which is the best evidence what the contract was, and cannot be altered, or changed, by parol evidence.

So much of the testimony of H. A. Scott, therefore, as went to sustain these particular allegations in the defendant's plea, and to add to and enlarge the written contract was, for the same reason, improperly admitted in evidence to the Jury.

The written contract between the parties is in the following words: "Clinton, Ga. January, 1849. Received of Samuel Griswold, one forty saw gin, with Reed's patent boxes, and if, on trial, it performs well, I promise to pay said Griswold, or bearer, eighty dollars, for value received, by the 25th day of December, 1850.      (Signed) JOHN SCOTT. [L. s.]"

The construction which we give to this contract between the parties is, that Scott was to take the cotton gin which Griswold sold and delivered to him, and give it a fair trial within a reasonable time, and, if the same did not perform well on such trial, then within a reasonable time thereafter it was his duty to have given Griswold notice of such fact, and tendered the gin back to him, and offered to rescind the contract. In consideration that the plaintiff had sold and delivered the gin to the defendant to make this trial, the defendant promised to pay him eighty dollars, which created a *prima facie* liability on the defendant which might be defeated by the subsequent act of trial of the gin by him, and its non-performance.

The plaintiff could not have compelled the defendant to make a trial of the gin. That was a duty which devolved on him by a fair construction of the contract, and to give the

plaintiff notice of its non-performance within a reasonable time.

[2.] When the plaintiff's right to recover depends upon a condition precedent to be performed by him, there is no doubt he must aver and prove such condition precedent, ar allege a sufficient legal excuse for non-performance.

[3.] But where by the terms of the contract, the interest and title to the property conveyed, vests immediately and absolutely in the vendee, and the contract is to be rescinded or defeated by a condition subsequent, or by some *ex post facto* matter to be done by the vendee, such condition subsequent, or *ex post facto* matter need not be alleged and proved by the vendor to enable him to recover the price of the property so conveyed, for the reason that is a matter of defence to be taken advantage of by the defendant. *Tidd's Practice,* 2d *American edition,* 382. 1 *Chitty's Pleading, marginal page* 310. *Nathan vs. East India Company,* 1 *Term Rep.* 638.

[4.] The title to the cotton gin vested in the defendant, on the delivery thereof by the plaintiff, under their contract; the plaintff acquiring the right to be paid the purchase money therefor, which right, was liable to be defeated by the subsequent action of the defendant, to wit, the trial of the gin, its non-performence, and tendering the same back to the plaintiff within a reasonable time, with notice, that it did not perform well. The time at which the money is to be paid, will not always constitute the true criterion as to what shall or shall not be considered a reasonable time for making a fair trial of the machine, and to give notice of the rescision of the contract. What is a reasonable time must depend on the surrounding circumstances applicable to each particular case. Did the defendant have unginned cotton in January, 1849, so that he could have given the gin a fair trial? or could he reasonably have done so in the fall of 1850?

The evidence in this record is, that "the defendant ginned about fifty bales of cotton with the gin, a part of two crops, for he was nearly done ginning the crop on hand, when the gin was delivered in January, 1849." The money, under the

contract, was due 25th December, 1850. According to the facts apparent on the face of this record, our judgment is, that the instrument offered in evidence created a *prima facie* liability on the defendant to pay for the gin acknowledged to have been received by him from the plaintiff; that it was competent for the defendant to plead and prove, that within a reasonable time after receiving the machine he gave it a fair trial; that it did not perform well; that within a like reasonable time he gave to the plaintiff notice of such facts, and offered to rescind the contract on that account, by returning the machine. This being established, the plaintiff will not be entitled to recover anything: otherwise, the plaintiff will be entitled to recover the full amount due under the contract.

Let the judgment of the Court below be reversed.