## BAKER v. TILLMAN.

The contract being an undertaking to pay a definite amount of money on a certain named day, provided that by that time a specified mortgage is taken up and cancelled, and the declaration alleging a performance of this condition, a failure to prove its performance before the commencement of the action entitles the defendant to a nonsuit. The condition being precedent to the right of action, its performance pending the suit will not suffice.

February 24, 1890.

Contracts. Actions. Evidence. Nonsuit. Pleadings. Before Judge WILLIS. City court of Columbus. April term, 1889.

On December 17, 1888, Tillman brought to the January term, 1889, his action against Baker on a promissory note signed by Baker and payable to Mrs. D'Antignac, or bearer, on December 1, 1887, for land, "provided a certain mortgage given to her . . and which is now a lien on said land, is taken up and cancelled." The declaration alleged that this mortgage had been taken up and paid and was no longer a lien on the land. Baker took issue by plea of the general issue, and by others which were stricken. At the trial, the plaintiff introduced the note sued on, and the mortgage referred to, the latter bearing a receipt for the amount due on it, dated April 1, 1889, the day of the trial; and the plaintiff admitted that it had not been paid off and cancelled before that day. A motion for nonsuit was overruled, and the defendant excepted.

J. F. POU, for plaintiff in error.

PEABODY, BRANNON & HATCHER, contra.

BLECKLEY, Chief Justice.

From the plaintiff's evidence, together with the admission made by his counsel, it appeared that the mortgage referred to in the conditional contract sued upon was outstanding when the action was brought, and was

not paid off or taken up and cancelled until the day on which the case was tried. The condition on which the maturity of the contract depended was not, as in the case of *Griswold* v. *Scott*, 13 *Ga.* 210, suspended upon an act to be done by the debtor, but upon one to be done by the creditor. This rendered the act a condition precedent, and the declaration so treats it ; for it alleges that the mortgage " has been taken up and paid, and is no longer a lien on said land." Whether an action could have been brought for a part of the debt evidenced by the contract, without alleging performance of the condition, need not be considered. No such action was brought. Performance of the condition was alleged, and the proof was that it was not performed. When the suit was brought, the defendant was not in default. He had not violated his promise to pay, because he had not promised to pay at the time stipulated except upon condition that the mortgage lien should be removed by that time. Why should a debtor who is in no default be subjected to suit ? Why should he be required to incur the expense of defending an action brought before the cause of action declared upon had arisen ? That a cause of action accrues pending the suit will not entitle the plaintiff to recover. *Wadley* v. *Jones*, 55 *Ga.* 329. Here the plaintiff not only failed to sustain a material part of his declaration by proof, but showed affirmatively that his declaration was untrue. The plea of the general issue was all that was essential to resist the case made. Indeed, had no plea at all been filed, the motion for a nonsuit should have been granted. The court erred in not granting it, and we direct that a judgment of nonsuit be entered.          *Judgment reversed.*