## GOLUCKE *v.* LOWNDES COUNTY.

1. A party may not, in one suit growing out of a single transaction, maintain an action for damages for the alleged breach of a written contract of employment, and also sue for the value of services rendered "regardless of the contract."

2. Treating the suit as one for damages for the breach of a contract, and reading the contract declared on in connection with the allegations of the petition, the plaintiff did not allege with sufficient definiteness a fulfillment by him of the obligations imposed by the writing, or show with the legal certainty required the amount in which it was alleged he had been damaged.

Argued May 25,—Decided June 16, 1905.

Complaint. Before Judge Griffin. City court of Valdosta. February 4, 1905.

*Felder & Rountree, A. G. Golucke, Cranford & Walker,* and *Moore & Pomeroy,* for plaintiff.

*Denmark, Ashley & Smith,* for defendant.

CANDLER, J. The County of Lowndes, through its board of county commissioners, entered into a contract with J. W. Golucke & Company (the firm name of the plaintiff in error), of which the following are the material parts: "We have this day employed Messrs. J. W. Golucke & Co., of Atlanta, Ga., as architects for a county court-house for Lowndes County, located at Valdosta, Ga. They are to prepare full plans, specifications, and detail drawings, and furnish supervision to inspect the work, not exceeding twenty visits during its construction, and for said services we agree to pay them the sum of five per cent., and their expenses to amount of $200, on total cost of said building when fully completed and furnished. We also agree to pay them two per cent. of their fee when plans and specifications are completed and delivered; two per cent. when contract is let, and balance in equal installments as estimates are given contractors." According to the petition, the cost of the building was to be $50,000. It was also alleged, that in accordance with the contract, the plaintiff submitted plans, which were adopted by the county, and he was ordered to proceed to make working plans, detail drawings, and specifications, so that bidders might intelligently estimate and bid on the cost of erecting the building; that he complied with these orders and submitted the plans, specifications,

and drawings required, which were accepted by the board of county commissioners, and he was thereupon paid $1,000 as the first instalment on the contract. He alleged that subsequently, at a meeting of the board of commissioners, the publication of a notice was authorized, inviting bids for the construction of the court-house building under his plans; that a number of bids were submitted, all of which were rejected; and that the county commissioners decided to postpone further action, advising plaintiff that he would be notified when the county would advertise for other bids. From time to time the plaintiff wrote to the chairman of the county board, asking when the county would be ready to proceed with the construction of the building, but received no definite reply to his inquiries. In July, 1903, nearly three years after the execution of the contract heretofore set out, the plaintiff was advised by the chairman of the board of county commissioners that the county would not use the plans furnished by him; and later he learned that the county had secured plans and specifications from another architect. The plaintiff alleged that he was at all times ready and willing to comply with his part of the contract, and expected to do so up to the time he received the letter advising him that his plans would not be used. He alleged also that in January, 1901, on the day on which the letting of the contract was advertised to take place, he went to Valdosta for the purpose of co-operating with the board of county commissioners in the letting of the contract, incurring an expense of $20, which was authorized by his contract; and that the cost of supervision and other matters required of him under the contract would not have exceeded $100, "leaving a balance due petitioner, under the terms of said contract, of $1,420, besides interest, . . which is past due and unpaid." "Petitioner further shows, that, regardless of the price fixed by said contract, the services and work rendered and performed by your petitioner to and for the defendant and duly approved and accepted by the defendant . . were and are of the reasonable value of $1,420, in addition to the amount already received by him." To this petition the county filed a demurrer, which the court sustained, and the plaintiff excepted. The demurrer contained twenty grounds, many of which were repetitions of each other. We will therefore not attempt to pass on the various grounds seriatim,

but will consider only such as, in our opinion, have a material bearing on the case.

1. Clearly the plaintiff could not maintain in one action a suit on the contract and " regardless of the contract," as he sought to do.   There can be no doubt, however, that he intended to declare on the contract, as he does not contend that he did anything, except in accordance · with its terms, which would entitle him to recover.   We will therefore treat the action as a suit on a contract.

2. The contract sued on is quite vague in its terms ; but reading it together with the petition, it appears that the plaintiff undertook to design a court-house building to cost $50,000, and to supervise the work of construction.   For this he was to be paid five per cent. of the total cost of the building when completed and furnished.   Looking alone to the contract, it would seem that he was to be paid two per cent. *of his fee* when the plans were accepted, two per cent. when the contract for the building was let, and ninety-six per cent. in equal installments as estimates were given contractors; but in the light of the petition it is presumable that the intention of the parties was that he was to be paid two per cent. of the cost of the building, or forty per cent. of his fee, when the plans were accepted, etc.   At all events, he has already been paid forty per cent. of his fee, taking the total cost of the building at $50,000 as a basis.   What part of the fee was intended to remunerate him for making plans and drawings, and what for supervising the construction, does not appear, nor does it appear that the plans submitted by the plaintiff called for a building which could be constructed for $50,000.   True, the contract is silent as to the cost of the building contemplated, but the plaintiff in his petition supplied that omission; and consequently, in passing upon the sufficiency of the petition, a provision to that effect is to be read into the contract.   We think it is clear that the plaintiff has failed to allege with sufficient definiteness a performance by him of his part of the contract, or to show with legal certainty the amount in which he has been damaged by the alleged breach by the defendant.

*Judgment affirmed.   All the Justices concur, except Simmons, C. J., absent.*