### 16046. LOEWENHERZ *et al. v.* WEIL.

1. A contract of suretyship is one whereby one party obligates himself to pay the debt of another in consideration of credit, or indulgence, or other benefit given to his principal, the latter remaining bound therefor. In a suit against certain persons as sureties, where it appears from the petition that the defendants had requested of the creditor an indulgence to the principal, such as a certain and definite extension of the time in which he might pay the debt, the request being embodied in a contract tendered by the sureties for the creditor's acceptance, and where it further appears that the contract was thereupon accepted by him, a promise on his part to grant the indulgence was implied. An implied promise may be a sufficient consideration for an express promise. In the present action against alleged sureties, the contract relied on was not lacking in mutuality, nor without consideration.

2. In a suit upon an obligation which is subject to no condition precedent, but which might be defeated by the happening of a condition subsequent, it is not necessary for the plaintiff to allege that the condition has not happened. In such a case the burden of setting up the condition would devolve upon the defendant.

(*a*) Applying these rulings, the court did not err in overruling the demurrers to the petition.

3. The answer, having in effect admitted facts showing that the contract had for a consideration the implied promise of the plaintiff to grant the indulgence as requested, was fatally defective as a plea of want of consideration, the sole defense relied on, and was properly stricken.

DECIDED APRIL 17, 1925.

Complaint; from Muscogee superior court—Judge Munro. October 3, 1924.

Samuel Weil brought suit against Leo Loewenherz, Albert S. Loewenherz and Howard L. Loewenherz, all residents of Muscogee county, Georgia, to recover the principal with interest . from date upon the last eighty-one of a series of 106 notes, the first one of the notes sued on, to wit, No. 26, being due and payable on February 1, 1924, and the others maturing respectively one on the first day of each month thereafter through and including October 1, 1930. The plaintiff sought to show, however, that by the terms of a separate writing the maturity of all of the notes had been accelerated and that they were due at the filing of the suit. For this purpose the petition alleged :

"3. At the time of the delivery of said notes to petitioner, defendants also executed and delivered to petitioner twenty-five other notes numbered from 1 to 25, for $100 each, due monthly prior to February 1, 1924, which constituted, together with the aforesaid eighty-one notes, a series of 106 notes, and simultaneously with the delivery of said entire series of notes, and as part and parcel of the consideration of the same, and constituting with the execution and delivery of said notes part of the same transaction, said defendants executed and delivered to the petitioner a written contract bearing date the 6th day of December, 1921, a true and correct copy of which is hereto attached, marked Exhibit 'B' and made a part of this petition."

"4. Defendants failed and refused to pay said note No. 26 due February 1, 1924, and said note No. 27 due March 1, 1924, and said note No. 28 due April 1, 1924, and said note No. 29 due May 1, 1924, and said note No. 30 due June 1, 1924, and said note No. 31 due July 1, 1924, and petitioner has exercised his option provided for in said contract, a copy of which is hereto attached, marked Exhibit 'B,' of declaring due and payable each and all of said eighty-one unpaid notes, and has demanded payment of the same of the defendants, which payment each and all of the defendants wholly failed and refused to make."

The following is a copy of the exhibit:

"This agreement made this 6th day of December, 1921, between Samuel Weil of the Borough of Manhattan, City of New York, hereinafter designated as the party of the first part, and Leon Loewenherz, Albert S. Loewenherz and Howard L. Loewenherz of Columbus, Georgia, hereinafter designated as the parties of the second part, witnesseth:

"Whereas, on the 26th day of September, 1921, in the Supreme Court of the State of New York, County of New York, the party of the first part obtained against Leo Loewenherz, one of the parties of the second part, a judgment for the sum of $10,705.38; and whereas, said sum of $10,705.38 with interest thereon from September 26, 1921, at the rate of 6% per annum is now due and owing and unpaid on said judgment; and whereas, the parties of the second part are desirous of paying said judgment in monthly installments of one hundred dollars each with the interest on each installment; now, therefore, in consideration of the sum of

one dollar by each of the parties hereto to the other in hand paid and other valuable consideration, and in order to induce the party of the first part not to commence proceedings for the collection of said judgment, and further, in order to induce the party of the first part to accept a series of notes, aggregating in amount the sum of $10,705.38 with interest from September 26, 1921, to the date of the making of said notes, each of said series of notes to be for the sum of one hundred dollars and interest, first of said series to be payable one month from the date of said note and the remainder of said series to be paid one each and every month thereafter until the entire sum of $10,705.38 with interest to the date of the making of said notes is fully paid, and all of said series of notes to be signed and executed by the parties of the second part hereto, it is agreed by and between the parties hereto as follows: That in the event of the failure of the parties of the second part to pay any of said series of notes at the time when and the place where the same is payable, that, then and in that event the entire series of notes remaining unpaid at the time of such default shall immediately become due and payable at the option of the party of the first part hereto, anything herein or in said notes contained to the contrary notwithstanding and regardless of the dates expressed in said series of notes for the payment thereof.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

"L. Locwenherz          (L. S.)

"Howard L. Loewenherz (L. S.)

"Albert S. Loewenherz  (L. S.)"

Leo Loewenherz made no appearance. The other two defendants demurred to the petition, as follows: "(1) Defendants demur generally to said petition upon the ground that the allegations therein show no cause of action against these defendants and no cause of action is set forth in said petition. (2) Defendants demur generally to said petition upon the ground that said petition and the agreement thereto annexed, marked Exhibit 'B' and made part thereof, show that the notes sued on were given in furtherance of the desire to pay a pre-existing judgment debt of Leo Loewenherz and are without consideration, nudum pactum and void, and no cause of action is set forth in said petition. (3) De-

fendants demur specially to the following language contained in paragraph third of said petition: 'And simultaneously with the delivery of said entire series of notes, and as part and parcel of the consideration of the same, and constituting with the execution and delivery of said notes, part of the same transaction,' because said agreement shows that it was executed on December 6, 1921, and said agreement and said notes show that said notes were executed on November 26, 1921, and said allegation is contradictory."

Subject to the demurrer the defendants answered, admitting the execution of the notes and their default in the payment of the note numbered 26, but denying liability upon any of the notes "in any amount whatever, for the reasons hereinafter more fully set forth." The answer continued as follows:

"3. Defendants admit the execution and delivery of said agreement described in paragraph third of said petition, but deny that said agreement was executed and delivered as part and parcel of the consideration of said series of notes.

"4. Defendants admit they failed and refused to pay said notes as alleged in paragraph fourth of said petition for the reason that said notes are without consideration in so far as they apply to these defendants and are totally void as hereinafter set forth, and defendants are not indebted thereon to plaintiff in any amount whatever.

"5. For further answer these defendants say that on the date and at the time said notes sued on by plaintiff were executed and delivered by these defendants, plaintiff had obtained in the Supreme Court of the State of New York, County of New York, a judgment against Leo Loewenherz for the sum of $10,705.38, which said judgment fixed the liability of said Leo Loewenherz to plaintiff for benefits theretofore received by said Leo Loewenherz individually, and on the date said notes sued on by plaintiff were executed by these defendants said judgment constituted a pre-existing indebtedness of said Leo Loewenherz to plaintiff.

"Defendants further say that on the date of the rendition of said judgment and on the date of the execution and delivery of said notes by these defendants, said Leo Loewenherz was insolvent and owned no property of any kind, and has not since acquired any property out of which said judgment could be satisfied, but the

said Leo Loewenherz, as set forth in the certain agreement annexed to plaintiff's petition and marked 'Exhibit B,' was desirous of paying said judgment, and the only manner in which he could pay the same was in monthly installments.

"Defendants further say that they executed and delivered said notes to plaintiff as surety thereon and as evidence of said monthly installments and the amounts thereof to be paid to plaintiff on a pre-existing judgment debt owing by said Leo Loewenherz to plaintiff, and said notes were executed and delivered in furtherance of the desire of said Leo Loewenherz to pay said pre-existing indebtedness; that said judgment against said Leo Loewenherz was worthless in that at the date of rendition thereof said Leo Loewenherz did not own and since said date has not owned any money or property whereby said judgment could be paid and satisfied; that no agreement was made and entered into between said plaintiff, said Leo Loewenherz and these defendants or any of them, at the time of the execution and delivery of said notes, or at any other time, whereby (*a*) said Leo Loewenherz was to be granted an extension of time on his said pre-existing indebtedness, and no extension of time on his said pre-existing indebtedness was granted; (*b*) said notes were to be given and accepted in payment and extinguishment of said pre-existing debt and judgment of said Leo Loewenherz, and said notes were not so given by said defendants and were not so accepted by plaintiff; (*c*) any lien or other advantage held by said plaintiff was to be by him released and relinquished, and no lien or other advantage was so released and relinquished; (*d*) plaintiff was to perform, or forbear the performance of, any act or thing detrimental to himself and beneficial and advantageous to said Leo Loewenherz and these defendants or either of them, constituting a consideration for said notes sued on.

"Defendants further say that said judgment was worthless and uncollectible and said notes were given by Leo Loewenherz and these defendants in furtherance of the said desire of Leo Loewenherz to pay said judgment, and the giving of said notes by these defendants was a benefit to said plaintiff in that said plaintiff was thereby enabled to obtain a partial payment of the amount due on said judgment, for which said notes and said benefits derived therefrom by said plaintiff no consideration passed or accrued to these

defendants from said plaintiff or said Leo Loewenherz, and no consideration whatsoever passed or accrued to said Leo Loewenherz from plaintiff for the execution and delivery of said notes, and that all said notes are without consideration to support the same and are nudum pactum, void and unenforceable."

The plaintiff demurred to the answer, upon several grounds, general and special. The court overruled the demurrer to the petition, sustained all grounds of the demurrer to the answer, and thereupon entered judgment in favor of the plaintiff as by default. The defendants excepted.

*McCutchen, Bowden & Gaggstatter,* for plaintiffs in error.

*Slade & Swift,* contra.

BELL, J. (After stating the foregoing facts.)

1. There is no contention by the plaintiffs in error that the contract should not be considered and the rights of the parties determined under the laws of this State. Their counsel having dealt with the case as one involving a Georgia, and not a New York, contract, we will dispose of it in this opinion, upon the *assumption* that the writings should be considered as composing a Georgia contract. The result, however, would probably be the same in either view. *Harris* v. *Powers,* 129 *Ga.* 74 (2) (58 S. E. 1038, 12 Ann. Cas. 475); *Bailey* v. *Devine,* 123 *Ga.* 653 (51 S. E. 603, 107 Am. St. Rep. 153).

Although the notes bore a date different from that of the instrument attached to the petition as "Exhibit B," they were not effective as a contract until delivery; and the petition having alleged that the notes and the other instrument were delivered simultaneously, as part and parcel of one and the same transaction, they will all be considered as together constituting but one contract. *Montgomery* v. *Hunt,* 93 *Ga.* 438 (2) (21 S. E. 59); *Adams* v. *Hatfield,* 17 *Ga. App.* 680 (2) (87 S. E. 1099); *Horne* v. *Evans,* 31 *Ga. App.* 370 (2) (120 S. E. 787).

It affirmatively appears that the plaintiff is seeking to hold the defendants (meaning, of course, the only two who are excepting) liable as sureties, and also that the debt of their alleged principal was *existing* at the time of the execution of the writings. We do not question the proposition that a promise to pay a preexisting debt of another, without any detriment or inconvenience to the creditor or any benefit to either the promisor or the debtor in

consequence of the undertaking, is a mere nudum pactum and void. *Saul* v. *Southern Sealing Co., 6 Ga. App.* 843 (65 S. E. .1065) ; *Foote* v. *Reece, 17 Ga. App.* 799 (88 S. E. 689).

The notes are not under seal, but recite a valuable consideration. We will first deal with the case, however, as if we had before us an agreement disclosing nothing as to the consideration except what may be contained in the simultaneous writing. There is no difficulty, upon a casual reading of that instrument, in discerning that the defendants were desirous of obtaining an indulgence by the plaintiff to the · defendant in the New York judgment as to the payment of the amount therein recovered. This is true although the instrument referred to, in so far as it affects the terms of the contract, merely provides for the acceleration of the maturity of the notes in the event of default in the payment of any of the series, and purports, by the language immediately following the words "Now, therefore," to show its own consideration separately from that of the notes. ·

Mere forbearance by the plaintiff to prosecute the judgment, without even so much as a request therefor, would not have afforded a consideration for the promise of the defendants to be liable as sureties. But undoubtedly, if they *sought and also obtained an agreement* for the grant of it, the execution of the notes signed by them as sureties in consideration thereof would be binding upon them. Civil Code (1910), § 3538; *Watkins Medical Co.* v. *Marbach,* 20 *Ga. App.* 691 (1) (93 S. E. 270) ; *Broughton* v. *Joseph Lazarus Co., 13 Ga. App* 153 (1) (78 S. E. 1024).

That the defendants requested the indulgence, we think, is perfectly clear from the writings.

But it is contended for the plaintiffs in error that there was no mutuality of obligation between the parties, in that the plaintiff did not sign any of the writings and did not at any time obligate himself to grant the extension or indulgence, and that if this be true, he can not claim a liability against the defendants merely because he may for a period of time have refrained from proceeding to enforce his judgment in the State in which it was rendered or from suing upon it elsewhere. It was said in *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410), that the test of mutuality is to be applied not as of the time when the promises are made, but as of the time when one or the other is sought to be enforced; and that a

promise may be unenforceable for want of mutuality when made, and yet the promisee may render it valid and binding by supplying a consideration on his part before the promise is withdrawn. It was accordingly held in *Peeples* v. *Citizens National Life Ins. Co.,* 11 *Ga. App.* 177 (74 S. E. 1034), that a promise, though a mere nudum pactum when made, and consequently unenforceable against the promisor at that time, may become binding, if the other party furnishes the consideration contemplated, by doing what he was expected to do.

"Thus where one promises to see another paid if he will sell goods to a third person, or promises to give a certain sum if another will deliver up certain documents or securities, or *if he will forbear a demand or suspend legal proceedings or the like,* while the party making the promise is bound to nothing and may withdraw his promise, or more accurately speaking, proposition, at any time, yet if the promisee, acting on the faith of the promise, within a reasonable time, does the thing which it was contemplated he should do, then the promisor is bound on the ground that the thing done is a sufficient and completed consideration; and the original promise to do something if the other party would do something is a continuing promise until that other party does the thing required of him. Or if the promisee begins to do the thing in a way which binds him to complete it, here also is a mutuality of obligation." (Italics ours.)  *Morrow* v. *Southern Express Co.,* 101 *Ga.* 810, 812 (28 S. E. 998).

We do not think, however, that it is necessary to determine whether, under the authorities cited, the plaintiff could have supplied the consideration by a mere indulgence to the defendants' debtor, in compliance with the defendants' request therefor, unless he had become obligated to do so by contract. In other words, for the purposes of the instant case, we will assume, without deciding, that the mere extending of the time for payment, as requested, without a binding obligation on the plaintiff's part to do so, would not have supplied the essential element of mutuality of agreement. It is possible to proceed upon this assumption in the case before us, because of the additional facts present, even though they appear only by implication.

As we have already said, upon a fair construction of the petition and the exhibit thereto, it appears that the two defendants

who are seeking to avoid liability joined in a request for indulgence to the principal debtor. (The request of the latter might *possibly* have been enough.) The petition alleges a delivery of the notes, and of the instrument in which this request was contained. An effective delivery includes acceptance (*Hancock* v. *Empire Cotton Oil Co.,* 17 *Ga. App.* 170 (1) (86 S. E. 434) ; 4 Am. & Eng. Enc. Law (2d ed.) 200), and acceptance means assent. Civil Code (1910), § 4230. Thus, upon the plaintiff's acceptance and retention of the papers, he assented to the terms thereof; and even though he did not promise indulgence in express words, such a promise or undertaking on his part was implied by the law. Queal *v.* Peterson, 138 Iowa 514 (116 N. W. 593, 19 L. R. A. (N. S.) 842), and cases cited in note. One promise may be a good consideration for another even though it be implied from the circumstances. *Reynolds* v. *Nevin,* 1 *Ga. App.* 269, 274 (57 S. E. 918).

It is probably true, as contended by the plaintiffs in error, that the contract shows on its face that it was intended that the plaintiff as well as the other parties thereto should sign it. In such a case the contract does not ordinarily become complete or effective until it has been signed by all the parties. *Clarke* v. *McNatt,* 132 *Ga.* 610 (1) (64 S. E. 795, 26 L. R. A. (N. S.) 585). But the petition here alleges that the defendants executed and delivered the writings in their present form. They are presumed to have known at the time that the plaintiff had not signed, and a delivery without exacting a signature was a waiver of it.

We therefore conclude that the alleged contract upon which the action was predicated appears not to have been invalid because of a lack of mutuality between the parties, or want of consideration. This ruling is not in conflict with anything decided in *Hargroves* v. *Cooke,* 15 *Ga.* 321, in which it was held that the consideration for an agreement to answer for the debt of another need not be expressed or formally stated, although it should at least clearly appear, but in which it was further held that "If forbearance to sue on an existing debt can be certainly inferred from the instrument, it is a sufficient consideration."

While we will rest our decision as to the sufficiency of the petition, with respect to consideration and mutuality, on what is said above, we will pause here to notice two other theories upon which the petition might possibly be held good in relation to the matters

just referred to. The decision in the *Hargroves* case, supra, had reference to instruments executed prior to the act of the General Assembly approved January 19, 1852 (Ga. L. 1851-2, p. 243). It was held in *Black* v. *McBain,* 32 *Ga.* 128, that since the passage of that act a promise in writing to pay the debt of a third person is a good and valid promise although no consideration therefor appears; the effect of which decision we construe to be, not that a consideration is unnecessary, but merely that it need not affirmatively appear, the want of it being a matter of defense. See *Davis* v. *Tift,* 70 *Ga.* 52 (2), 56. The presumption is that the agreement is supported by a sufficient consideration, until the contrary is revealed. In *Pearce* v. *Stone Tobacco Co.,* 125 *Ga.* 444, 447 (54 S. E. 103), it was observed: "In *Black* v. *McBain,* supra, the consideration was neither alleged nor proved, and it was held that the writing was sufficient to satisfy the statute, and that the granting of a nonsuit was error." See also *Turner* v. *Lorillard Co.,* 100 *Ga.* 645 (28 S. E. 383, 62 Am. St. Rep. 345).

Again, a promissory note being negotiable by the law merchant, it is not necessary in a suit thereon to aver or prove that it is founded upon a consideration. A consideration will be presumed, unless the contrary is made to appear. *Hobbs* v. *Citizens Bank,* 32 *Ga. App.* 522 (3) (123 S. E. 72). "Certain instruments import a consideration, and the production of such an instrument alone furnishes prima facie evidence of a consideration, and casts upon the defendant the burden of proving want or failure of it." *Cooley* v. *Moss,* 123 *Ga.* 707 (2), 710 (51 S. E. 625). Even if it could be said that the supplemental writing, shown in the instant case as "Exhibit B," fails to disclose that the notes were founded upon a consideration, it does not *negative* a consideration; and the petition would not be subject to demurrer merely because the consideration was not affirmatively made to appear. *Smith* v. *Ice Delivery Co.,* 8 *Ga. App.* 767 (4) (70 S. E. 195).

The ruling which we made at the outset, to the effect that the several writings would be considered as together constituting but one contract, although the notes bore a different date from that of the supplemental agreement, sufficiently disposes of the only insistence made by the special demurrer,—namely, that the allegations of paragraph 3 of the petition were contradictory.

2. The two theories of consideration last discussed above will

49

not enter into anything to be said hereafter. They could have no helpful bearing upon the point now to be dealt with, and would even be irrelevant to the discussion in the next succeeding division of this opinion, in which we pass upon the exceptions to the judgment striking the answer.

Proceeding further, therefore, only upon the hypothesis that the consideration for the defendants' promise was the promise of the plaintiff to extend the requested indulgence, we have seen that such a promise by the plaintiff was implied from the circumstances. Should the petition have alleged that the promise had been complied with? The defendants (or plaintiffs in error) contend that such allegation should have been made, and that in the absence of it the petition fails to set forth a cause of action.

A determination of this question will depend upon whether a compliance by the plaintiff with his promise was a condition precedent to the liability of the defendants, or whether his failure to comply would have been in the nature of a condition subsequent, the happening of which would have destroyed any rights which he might otherwise have had under the contract. Where the plaintiff's right to recover on a contract depends upon a condition precedent, to be performed by him and not by the other party, he must allege and prove the performance of such condition, or allege a sufficient excuse for non-performance; otherwise he fails to establish a cause of action. *Griswold* v. *Scott,* 13 *Ga.* 210 (2) ; *Herrington* v. *Jones,* 132 *Ga.* 209 (63 S. E. 832) ; *Lamar* v. *First Nat. Bank,* 127 *Ga.* 448 (2, 3) (56 S. E. 486) ; *Williams Valve Co.* v. *Amorous,* 19 *Ga. App.* 155 (6) (91 S. E. 240) ; *Life Insurance Co.* v. *Proctor,* 18 *Ga. App.* 517 (1) (89 S. E. 1088) ; *Smith* v. *Roddenbery Hardware Co.,* 24 *Ga. App.* 306 (100 S. E. 718) ; *Golucke* v. *Lowndes County,* 123 *Ga.* 421 (2) (51 S. E. 406) ; *Bennett* v. *Burkhalter,* 128 *Ga.* 154 (2) (57 S. E. 231) ; *Schmidt* v. *Mitchell,* 117 *Ga.* 6 (43 S. E. 371) ; *Barrow* v. *Pennington,* 17 *Ga. App.* 481 (1) (87 S. E. 719) ; *Dolan* v. *Lifsey,* 19 *Ga. App.* 518 (5) (91 S. E. 913) ; *Ford* v. *Lawson,* 133 *Ga.* 237 (5) (65 S. E. 444) ; *Hines* v. *Cureton-Cole Co.,* 9 *Ga. App.* 778 (72 S. E. 191) ; *Jones* v. *Schachter,* 29 *Ga. App.* 132 (1) (114 S. E. 59). But where his right under the contract vests immediately, and the contract may be defeated by a condition subsequent or by something done afterwards by the opposite party, such matters of avoidance need

not be negatived by the party claiming the right thereunder, the burden of establishing their existence being upon the opposite party. *Buick Motor Co.* v. *Thompson,* 138 *Ga.* 282 (3), 287 (75 S. E. 354) ; *Griswold* v. *Scott,* supra.

The notes involved in this case are unconditional, although the only consideration therefor may be assumed to be the promise of the plaintiff to do something in the future. In such a case it is not necessary, in a suit upon the notes, to allege that the plaintiff has complied with his promise, the same not being a condition precedent. His failure to comply would be defensive, and if the defendants sought relief on account thereof, the burden would be upon them to allege and prove the fact. See *Webb* v. *Simmons,* 3 *Ga. App.* 639 (2) (60 S. E. 334) ; *Baker* v. *Tillman,* 84 *Ga.* 401 (11 S. E. 355) ; *Baker* v. *Smith,* 135 *Ga.* 628 (1) (70 S. E. 239).

The petition set forth a cause of action, and all grounds of demurrer thereto were properly overruled.

3. In our opinion the answer failed to set forth any valid defense. It admits the execution and delivery (which included acceptance) of the notes and the supplemental agreement as alleged in the petition, and does not deny that the several writings were combined to constitute a single transaction, thus composing a single contract, although it is denied in the answer that the supplemental agreement was executed and delivered as part and parcel of the *consideration* of the notes. It therefore appears, even by the admissions of the answer, that the notes referred to in the other writing are the ones sued on, as alleged in the petition, although the supplemental agreement may not in itself completely identify them. The allegation in paragraph 4 of the answer, that the notes are "without any consideration in so far as they apply to these defendants," would not constitute a sufficient plea of want of consideration, even if we considered the notes as standing independently of the other writing. Civil Code (1910), §§ 4242, 3538. In a contract of suretyship, the consideration may move only to the principal debtor.

The allegation that the notes are "totally void as hereinafter set forth, and defendants are not indebted thereon to plaintiff in any amount whatever," is a mere conclusion, depending upon the sufficiency of the subsequent portions of the answer. There was no lack of consideration merely in the fact that the principal debtor

may have been insolvent and that the judgment against him may have been, therefore, commercially worthless, as contended in paragraph 5 of the answer. All of the other averments of this paragraph, in so far as they seek an avoidance of liability because of any material facts therein stated, amount to no more than a misconstruction or a contradiction of the written contract upon which the action was brought, which appears upon its face to be complete, and therefore, in the absence of fraud, accident or mistake, not subject to be varied by parol. *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954) ; s. c. 18 *Ga. App.* 179.

While it is alleged in paragraph 5 (*a*) that no extension of time on the pre-existing indebtedness was granted, and while this allegation, if considered independently of the context, might, as against a general demurrer, be a sufficient averment that the plaintiff had breached his promise to grant the indulgence, yet, as already indicated, it is construed only as setting up what the defendants contended was the effect of the writings as tendered and accepted, namely, that there was never an agreement by the plaintiff to extend the time in which the principal debtor should pay the amount of the judgment. We have already held adversely to this contention, in our ruling upon the demurrer to the petition.

The answer did not seek to set up a *failure* of consideration as for a *breach* of the implied covenant of the plaintiff, as might have been done if the facts had so warranted, but attempted only to plead a *want* of consideration, which attempt was futile since, as we have seen, the effect of the plea was to admit the plaintiff's acceptance of the notes, from which act he impliedly promised forbearance and thus furnished a consideration.

Since the answer was subject to the general demurrer, and properly stricken as being insufficient to set forth any valid defense, it is unnecessary to examine the special demurrers interposed thereto.

It is not insisted that the court, upon striking the answer, failed to mark the case in default, before directing the verdict. The presumption, therefore, is that, if such entry ought to have been made, it was made.

Under the facts of this case, the verdict and judgment will not be set aside merely because the defendants might have been entitled to a judgment setting up the fact of their suretyship. Civil Code

(1910), § 3556.  Indeed, the fact of suretyship sufficiently appears upon the face of the contract as pleaded, and it would probably be unnecessary for the defendants' protection for the fact to be made to appear in the judgment.  However, the answer did not in the instant case, as was true in *Whitley* v. *Hudson,* 114 *Ga.* 668 (3) (40 S. E. 838), contain any prayer that the judgment should be rendered against them only as sureties, in accordance with the section of the code just referred to.  Furthermore, the bill of exceptions contains no assignment of error attacking the judgment upon this ground.

We find no error in any of the rulings complained of.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*