## ROBERTS, administratrix, v. HARDIN, administrator.

PER CURIAM. 1. Where a policy of life insurance was unconditionally payable to the wife of the insured as beneficiary, except that it contained a separate stipulation, that, "if any beneficiary die before the insured, the interest of such beneficiary will vest in the executors or administrators of the insured, unless otherwise provided herein," and except that the policy reserved the right in the insured to change the beneficiary, which right was never exercised; and where after the death of both the husband and the wife, their legal representatives were required, at the instance of the insurance company, to interplead for the purpose of determining to which estate the proceeds of the policy should be paid, it was error for the court to rule and to charge the jury that the burden was upon the administratrix of the wife to show that the wife survived the husband, before a recovery could be had by such administratrix. Under the language of the policy the wife was named as beneficiary, and the proceeds were to be payable to the estate of the husband only upon the happening of a condition subsequent; and the burden was upon the administrator of the husband, the insured, to prove the happening of this condition, in order to recover for the husband's estate. The fact that the insured reserved the right to change the beneficiary is immaterial, since the right was never exercised. Civil Code (1910), § 3717; *Griswold* v. *Scott*, 13 *Ga.* 210 (3); *Baker* v. *Tillman*, 84 *Ga.* 401 (11 S. E. 355); *Loewenherz* v. *Weil*, 33 *Ga. App.* 760 (2) (127 S. E. 883); Watkins v. Home Life Ins. Co., 137 Ark. 207 (208 S. W. 587, 5 A. L. R. 791); Cowman *v.* Rogers, 73 Md. 403 (21 Atl. 64, 10 L. R. A. 580). While there are some authorities to the contrary, they do not, in the opinion of this court, represent the better view.

2. Under the rulings stated above, the court erred, after verdict for the administrator of the husband, in not granting a new trial to the administratrix of the wife on proper motion therefor.

*Judgment reversed. All the Justices concur, except Atkinson and Hutcheson, JJ , who dissent.*

No. 9923. JUNE 18, 1934. REHEARING DENIED JULY 13, 1934.

*Howell Brooke* and *Morris & Welsch,* for plaintiff in error.

*A. J. Henderson,* contra.

HUTCHESON, J., dissenting. 1. In a consideration of the instant case it is necessary to determine the nature of the interest held by the first beneficiary under the policy of insurance taken out upon the life of Paul Hardin, deceased. If the beneficiary had no vested interest under the contract of insurance, it will not be presumed that she survived her husband, so as to render her interest, otherwise merely contingent, a vested interest. Northwestern M. L. Ins. Co. *v.* Greiner, 115 Mich. 639 (74 N. W. 187). It has been held that where there is no presumption of survivorship among persons who die in a common disaster, the interest of beneficiaries, under a policy reserving the right in insured to change the beneficiary, is contingent and personal and never becomes vested where both insured and beneficiary die in a common disaster. Fleming *v.* Grimes, 142 Miss. 522 (107 So. 420, 45 A. L. R. 618). In this policy, the right being reserved to change the beneficiary, the interest of the first beneficiary, the wife of the insured, was contingent upon her surviving the insured, and could not become vested until the happening of that event.

2. Where a beneficiary named in a policy of insurance holds

only a contingent interest, and where such beneficiary and the insured die in a common disaster, no presumption arises as to survivorship, but the same must be proved.   Newell *v.* Nichols, 75 N. Y. 78 (31 Am. R. 424); Johnson *v.* Merithew, 80 Maine, 111 (13 Atl. 132, 6 Am. St. R. 162).   According to the Roman law, the presumptions were never in favor of a simultaneous death; if husband and wife perished in a common disaster, the wife, being the weaker, was supposed to have died first; but the common law refused to sanction any presumption either of survivorship or of simultaneous death of persons who perish in a common disaster, and applied the general rule that courts will not change the existing status of property except upon adequate proof of facts authorizing such change.

3.   An accident or the murder of two or more persons at practically the same time is a "common disaster" within the purview of the law.   See Wall *v.* Pfanschmidt, 265 Ill. 180 (106 N. E. 785, L. R. A. 1915C, 328, Ann. Cas. 1916A, 674).

4.   The questions here involved have never been presented to the courts of this State, and no ruling has ever been had thereon. The chief question to be decided is upon which of the parties the burden of proof should be imposed.   If a policy or certificate of insurance provides a second beneficiary to take on failure of the first named beneficiary, his personal or legal representative must, as against the second beneficiary, or the legal representative of the insured, assume the burden of proving that the first beneficiary survived the insured, at least where by the terms of the policy the first beneficiary does not have a vested interest prior to the death of the insured; and in the absence of such proof of survivorship the proceeds of the policy go to the second beneficiary.   If the policy reserves the right to change the beneficiary, to whom it is payable "if living," and no such proof as above outlined is brought forward, the proceeds of the policy, where the first beneficiary and insured die in a common disaster, will go to the heirs of the insured.   See 2 Couch on Insurance Law, § 341; Fleming *v.* Grimes, supra; McGowin *v.* Menken, 223 N. Y. 509 (119 N. E. 877).   The necessity that a party who requires the benefit of a fact shall prove it assumes especial importance where evidence on the subject is difficult if not impossible of attainment; as where proof is required as to who survived longest in case of two deaths

in a common disaster. Newell *v.* Nichols, supra. As is said in 37 C. J. 574, "Where the right of a beneficiary as against the estate of insured or as against other beneficiaries is made conditional on such beneficiary surviving, there is no presumption in the case of death from a common disaster that either the beneficiary or the insured survived the other, and the representatives of the beneficiary are entitled to take only on proof that he survived the insured." See also Gillespie Est., 24 Pa. Dist. 376, 42 Pa. Co. 475. In Russell *v.* Hallett, 23 Kan. 276, it is held: "In the absence of other evidence, the fact as to who was the survivor where several persons perish in the same catastrophe is assumed to be unascertainable, and property rights are disposed of as if death occurred to all at the same time." In Fuller *v.* Linzee, 135 Mass. 468, it was held that where a policy of insurance was taken out by a husband, payable to his wife "in case of her surviving her husband," and both perished in a common disaster, the interest of the wife in the policy was contingent on her surviving her husband, and the burden of proof was on her next of kin to show that she survived him. A very able discussion of this question is found in Hildebrandt *v.* Ames, a Texas case reported in 66 S. W. 128, where it is held that "there being no presumption either of survivorship or of simultaneous death and no evidence in the case to sustain a finding of either of these facts, it is manifest that the party upon whom lay the burden to establish such survivorship or simultaneous death has failed to make out his case, and the only question to be considered is upon which of the parties such burden of proof was imposed." The court said further, that it devolved upon the beneficiary's representatives to show that the contingency had happened which would entitle her to receive the proceeds of the policy. In view of these authorities, the claim that the wife had a vested interest in the policy can not be maintained. Giving to the words of this contract their natural and obvious meaning, that the wife was entitled to the proceeds only on the contingency that she was living at the time of her husband's death, it necessarily follows that before her representative or next of kin could claim this fund, they must show that the contingency actually happened. The trial court committed no error in giving to the jury the charge complained of by plaintiff in error.