The parties in interest having waived notice of settlement of the final account of the executors of the will of Walter Phelps Bliss, and also of the posting, publication and audit of the account filed in this court, and having released the executors and each of them from all liability to account further than as set forth therein, and the trustees under such will having agreed to the allowance of commissions to the executors and of counsel fees, this court is asked to decree that the account be in all things allowed as reported, and that there is a balance ofcorpus amounting to the sum of $4,458,362.02 remaining in the hands of the accountants, to be disposed of according to law, and asking this court to allow commissions and a counsel fee to the proctors for the account.
The register has demanded his fees for stating the account, but the accountants claim that the audit and statement of the account having been waived by the parties in interest, and that as the register performed no services of audit and statement, he is entitled to no fees.
Reliance is placed upon Heath's Case, 52 N.J. Eq. 807, in which this court said (at p. 809): "To earn the fees given by statute a surrogate [register in this court] must both audit and report to the court." That case does not apply. It was this: The will of the decedent was proved before the ordinary, and his executors in consequence had their accounts audited by the register of this court, and allowed and confirmed *Page 707 
by the ordinary. See In re Walker, 95 N.J. Eq. 619. Several separate accounts were filed before the one upon which the dispute arose, and the balances were carried over from each account. The last balance was a mere augmentation of the balances shown in the previous accounts.
On the above state of facts it was claimed on behalf of the register that he was entitled under the statute, for auditing and reporting the last account, to the regular commission on the whole balance shown, while the executors insisted that the balance carried from the preceding accounts into the then account constituted no part of the estate accounted for by the last one, but represented that part of the estate which had been accounted for previously; that such balance had been ascertained by the auditing of the previous accounts, and that the register did not and could not, when he came to deal with the last account, do any work in the way of auditing that part of the estate, but all he did respecting it was simply to add to it the debit side of the last account, so that that account should show not only what the executors had received and paid out in the previous account, but also the total amount of estate remaining in their hands. In actual practice, to audit an account is to see that the accountant is charged with everything with which he is justly chargeable and that nothing is placed on the credit side of the account to which he is not justly entitled to credit, and then, after the debit and credit are thus made up, to ascertain the balance remaining in his hands. It was held to be perfectly clear that the register did not and could not audit that part of the last account which was made up of the balances shown to be in the hands of the executors by their previous accounts. The work of auditing in respect to that part of the estate had been previously and finally done, and the balances ascertained by such auditing were by decrees of allowance and confirmation conclusively settled and adjudged against the executors. The accounts must be treated and considered as finally and conclusively settled. Fees to the register for reporting over again upon balances already ascertained and adjudged were disallowed. *Page 708 
Now, in the case in hand, these executors have filed this first and final account; and it is also urged on their behalf that accounting having been waived there is nothing for the register to do in the way of auditing the account.
The court, of course, is familiar with the excusing by statute of filing an account in certain cases where releases are obtained and filed, and with the law generally of settlement and release. Frequently in practice an executor, administrator, guardian or trustee, when the proper time comes, exhibits his account to those interested therein, who are satisfied, and, being suijuris, execute releases under their hands and seals, which are acknowledged and filed in the proper office, and the fiduciary is not required to file an account in the clerk's office. No other person can compel an account save those who are interested, and if they do not, well and good. And the executors in this case might have gotten releases under the seal, c., and filed them, as stated, and excused the filing and passing of an account. They obtained and filed the releases, but they cannot require the court to assume the responsibility of passing and auditing an account unless the machinery of the law which has been raised for the purpose of finally informing the court of the correctness and justness of the account is employed. And this calls for the performance of services, which, when rendered, entitle the servitor to his regular compensation.
One of the rights, which by law is commonly accorded to officers, is the right to compensation, fees or emoluments where provision is made by law for such compensation. 29 Cyc. 1422.
The Prerogative Court act (Comp. Stat. p. 1724 ¶ 85) provides that the register, among other things, shall be entitled to charge for all official services as register of the prerogative court, and shall be entitled to charge and receive for the use of the state the same fees as are allowed by law to the surrogate of the several counties for like services. Rule 24 of this court provides that when executors, c., have noticed their accounts for settlement in this court they shall lodge with the register all vouchers and receipts for payments and disbursements claimed; that the register shall not *Page 709 
report any account for allowance and settlement unless the vouchers and receipts have been lodged with him in compliance with the rule. And the Orphans Court act (Comp. Stat. p. 3856 ¶125) provides that the surrogate shall audit and state the accounts of executors, c., and that the court to which the account shall be reported shall examine the same, and shall decree allowances as stated, provided it be found correct. And, under paragraph 200, page 3887, fees are fixed for auditing, stating and reporting accounts of executors, c.
While these executors might have obtained and filed proper releases and thus excused an accounting in court, they have not done that alone, but have actually obtained and filed such releases, and have also filed an account and ask the court to decree an allowance thereof without the audit and report thereon by the register according to the statute and rule of court, which are intended to satisfy the conscience of the particular judge passing the account; besides, their request would deny to the register his fees provided by law. This cannot be done. Let the register audit and report the account as required by law, and collect his lawful fees therefor.