The bill of complaint in this case prays for a discovery, accounting and cancellation of an assignment of an interest in decedent's estate.
Complainant is the administratrix of the estate of Edwin J. Maloney, deceased. The defendants Eugene F. Kinkead and Lauretta M. Gildea are the administrators of the estates of Thomas J. Maloney and Mary C. Maloney, deceased. The *Page 171 
defendant Charles A. Gildea is the husband of Lauretta M. Gildea. Mary C. Maloney died testate on January 12th, 1933. She left her entire estate to her husband, Thomas J. Maloney. Thomas J. Maloney died January 18th, 1933. Thomas J. Maloney bequeathed his entire estate to his wife who had predeceased him. These facts resulted in Thomas J. Maloney dying intestate. Stenneck v.Kolb, 91 N.J. Eq. 382. Thomas J. Maloney left no issue surviving and the estate, therefore, passed to his heirs and next of kin. He was survived by two brothers, a sister, two nephews and a niece. Eugene F. Kinkead and Lauretta M. Gildea were appointed administrators cum testamento annexo on March 27th, 1933.
The complainant, Helen C. Maloney, is the divorced wife of Edwin J. Maloney, a nephew of Thomas J. Maloney. Edwin J. Maloney was entitled to an undivided one-fifth interest in the estate of Thomas J. Maloney. He died August 14th, 1935. This suit involves only the interest of Edwin J. Maloney. All of the other heirs and next of kin are satisfied with the manner in which the estate of Thomas J. Maloney was managed and distributed and several of them came here from the State of Kentucky to testify to that effect. The estate was supposed to be worth about $4,000,000. Complainant's principal grievance is that no formal account was filed in any court by the administrators of Thomas J. Maloney.
It appears that a majority of the heirs and next of kin of Thomas J. Maloney felt under obligations to Lauretta M. Gildea and Charles A. Gildea, her husband. They were of the opinion that Lauretta M. Gildea had rendered them a valuable service relative to the estate. As a result on February 27th, 1933, they (representing three-fifths in interest) signed and delivered an assignment transferring one-fifth of their respective shares to Lauretta M. Gildea and her said husband. The effect of this assignment reduced the share of Edwin, who was one of the assignors, four per cent. as well as the shares of the others who joined therein. This gave the Gildeas a twelve per cent. interest in the estate.
Complainant disputes the validity of this assignment on the ground that the Gildea's procured the same without consideration *Page 172 
and by misrepresenting the facts. Therefore, she asks that the assignment be surrendered for cancellation. Complainant attempted to show that Edwin J. Maloney was intemperate and continually under the influence of intoxicating liquor and by reason thereof unable to fully comprehend his interest in the estate of his uncle. The testimony as to his sobriety is conflicting. After carefully considering the evidence relative to his mental capacity, I have reached the conclusion that he was fully aware of the nature and consequences of his acts at the time he signed the assignment in question. I find that no unfair or undue influence was exerted against him by the defendants or by anyone acting for them. I am satisfied that he knew the extent of the estate and that he was one of the prime movers in inducing the others to make the assignment. It makes no difference what induced him to make the gift in the absence of fraud or imposition by the donee. The fact that a majority in interest of the other heirs and next of kin joined in the assignment strengthens the argument that Edwin was not imposed upon by anyone. He lived two and a half years after making the assignment and made no effort to set it aside. As above stated, he parted with only four per cent. of the estate.
Complainant also argues that Edwin did not have the benefit of independent advice and that Mrs. Gildea, as an administratrix, should not be permitted to benefit, at Edwin's expense. As a matter of fact, Mrs. Gildea was not appointed an administratrix until almost a month after the execution of the assignment. Irrespective of this, however, the facts do not justify the application of the rule requiring independent advice. As a matter of fact he had advice of counsel and several discussions and consultations with the other heirs and next of kin and fully comprehended the step he took.
Complainant also seeks cancellation of an assignment of about $38,000 from a fund to which Edwin was entitled under the distribution of the said estate. This assignment was made to Mrs. Gildea in payment of a debt due from Edwin to her for moneys loaned and advanced. I have concluded from the testimony and evidence that this was a bona *Page 173 fide transaction and that Mrs. Gildea met the burden cast upon her as an administratrix.
The next question is whether under the facts in this case the complainant is entitled to an accounting. The evidence discloses that all of the interested parties, including Edwin Maloney, agreed that no formal accounting need be filed by the administrators but that a settlement be made by submitting to each of the interested parties informally an account. Such a procedure is not unusual and has received judicial sanction in this state. See In re Bliss, 101 N.J. Eq. 705; Ordinary v.Hitchner, 119 N.J. Law 20, 21. The administrators pursuant to said agreement furnished each of the heirs and next of kin itemized statements of account which covered the period from January 18th, 1933 (the date of Thomas J. Maloney's death), to June 12th, 1934. During that period the administrators distributed the bulk of the estate but retained about $700,000 to meet certain outstanding claims. The administrators also held a few shares of stock of uncertain value and some gold and silver ware. The value of the gold and silver ware had only the value of its metallic content. There is in evidence (Exhibit D-31) a writing dated June 15th, 1934, entitled "Consents and Releases by Heirs." By this instrument Edwin and the others in interest agreed to the distribution as shown by the accounts above referred to and ratified and approved the payment of the administrators' commissions and counsel fees as therein shown. It also ratified and approved the administration and distribution made prior thereto and released the administrators "except as to assets remaining in the hands of the Administrators, valued at $740,477.02, as of June 12th, 1934, as shown on Schedule `I' in Account No. 3, and any assets which may hereafter come into their hands as Administrators; otherwise, all things as stated in said Accounts are allowed and approved." In addition to this instrument, the administrators received releases and refunding bonds in the usual form including one from Edwin which appears asExhibit D-10.
There is nothing before me which would justify a finding that either the "consent" or the release and refunding bond *Page 174 
of Edwin is not entitled to be given full and complete legal effect. If Edwin were alive and had brought this suit he would be estopped from questioning the acts of the administrators as shown by the accounts above referred to since their acts were done with his full consent, approval and ratification. His administratrix, the complainant here, is likewise estopped in the absence of fraud. See In re Leupp, 108 N.J. Eq. 49, 55.
Solicitors of the complainant argue that defendants cannot rely upon the release and consent of Edwin because the release and consent was not filed with any court or judicial officer and citeIn re Bliss, supra. That question was not before the court in the Bliss Case. In the case of Ordinary v. Hitchner, supra, it was held that where a daughter and her father who were the only interested persons in the estate, had each received their shares and had agreed that no account should be filed by the father and no other persons were interested therein that she thereby had ceased to have an interest in the estate and could not call upon the administrator to account. The Court of Errors and Appeals in deciding this case must have considered the BlissCase and it made no mention of any requirement relative to the accounting other than the mere agreement to waive the accounting. I have, therefore, concluded that it is not necessary to file the release and refunding bond in order to set up the defense of release.
The settlement of the estate from June 12th, 1934, to date, however, is different. I have concluded that complainant is entitled to an accounting from the administrators from that day forward. Solicitor for the complainant says that under the case of Merselis v. Merselis' Ex'rs., 7 N.J. Eq. 557, this court should direct a statement of the whole account from the beginning. This may be a matter within the discretion of the court but based on the evidence now before me I see no reason for such an accounting.
Complainant also asks an accounting and distribution of the estate of Mary C. Maloney. Edwin Maloney and the other persons entitled to share in the estate of Thomas J. Maloney, of which Mary Maloney's estate formed a part, authorized the administrators in writing to distribute Mary *Page 175 
Maloney's estate to those who would have taken it under the statutes of descent and distribution; that is, to those heirs and next of kin who would have taken had she died intestate after her husband. This writing further authorized certain conveyances of real estate. For the reasons stated above relative to estoppel in regard to the estate of Thomas J. Maloney, complainant is also estopped as to the accounting of the distribution of the estate of Mary C. Maloney.
There was admitted in evidence the accounts of the defend ants which had been submitted to the complainant covering the period from June 12th, 1934, to the time of the filing of the bill of complaint. I will consider said accounts as the account of the said defendants and complainant will be given an opportunity to except to any items therein which she may deem improper. *Page 176