## NORTHWESTERN MUTUAL LIFE INSURANCE CO. v. GREINER.

LIFE INSURANCE—CONDITIONAL ASSIGNMENT—BENEFICIARIES.

A policy of insurance was made payable to the beneficiary, his executors, administrators, or assigns, in 60 days after due notice and proof of death of the assured. The assured, who was named in the policy as the beneficiary, assigned to his wife all rights thereunder, with a provision that, in case of her death before the policy should become "due," the proceeds should go to the heirs or assigns of the assured. *Held*, that the policy was not due, at the earliest, until 60 days after the death of the assured, and that, under the terms of the assignment, his heirs were entitled to the proceeds of the policy where the assignee died within such period.

Appeal from Kent; Adsit, J. Submitted October 14, 1897. Decided February 16, 1898.

Bill of interpleader by the Northwestern Mutual Life Insurance Company against Julius Greiner, Orlando B. Scobey, administrator of the estate of Robert C. Greiner, deceased, and Elmer E. Whitted, administrator of the estate of Louise C. Greiner, deceased, to determine the bene-

ficiary of a policy of insurance. From a decree for defendant Greiner, defendant Whitted appeals. Affirmed.

*Taggart, Knappen & Denison,* for appellant.

*Uhl, Hyde & Earle,* for appellee Greiner.

*Frank W. Hine,* for appellee Scobey.

HOOKER, J. May 22, 1879, a policy of insurance was issued to Robert C. Greiner, who married in 1880, and in December, 1881, assigned the policy to his wife, by a writing which reads as follows, viz.:

"December 28, 1881.

"For a valuable consideration, the receipt whereof is hereby acknowledged, I hereby assign and transfer to my wife, Louise C. Greiner, of Grand Rapids, Michigan, and for her sole use and benefit, all the right, title, and interest in and to policy No. 99,508, issued by the Northwestern Mutual Life Insurance Company. In case of the death of said assignee before the policy becomes due, then and in that case it shall be payable to the heirs or assigns of Robert C. Greiner.

"ROBERT C. GREINER.   [L. S.]
"LOUISE C. GREINER."   [L. S.]

Premiums were paid seasonably and regularly, until Greiner's death, which occurred in August, 1895, both himself and wife being killed at Denver, in an hotel which was destroyed by explosion and fire. There is no evidence by which it can be determined whether either survived the other. Claims were made by the administrators of both husband and wife, and by the father of the husband, who was his heir. A bill of interpleader was filed by the company, and the money was paid into court. Upon the hearing of the cause, the claim of Julius Greiner, the father, was sustained, and Whitted, the administrator of the wife, has appealed.

Apparently, the case must turn upon the construction to be given the policy, with reference to the question of its maturity, and the meaning to be given to the words

"become due," as used in the assignment, unless we can say that the law will presume that the wife died first, which would become an important question if it should be held that the policy matured upon the death of the assured. Counsel for the administrator of the wife claim that the policy became due at the death of the husband, but, if it did not, that the provision of the assignment, viz.: "In case of the death of the assignee before the policy becomes due, then and in that case it shall be payable to the heirs or assigns of Robert C. Greiner," should be held to mean that the death of the wife before that of her husband was necessary to give the father a right to the insurance.

There is no ambiguity in the language of the assignment, and we discover no circumstances surrounding the transaction which indicate that the assignor intended any but the ordinary meaning of the term "due," in its legal sense, unless we are to say that the natural regard for a wife should exclude the belief that he designed to deprive her representative of the insurance, though she should survive the husband, but not live until the policy should become a matured obligation. Under the terms of this policy, by prompt action in furnishing notice and proofs, it could be made payable within a period of a little more than 60 days, when it would certainly become due. There are forcible reasons for thinking that a man would naturally intend the wife to become the beneficiary upon his death, but it is not so clear that he would feel so if he could know that, by reason of her death before collection, the amount would be diverted from his father to persons of his wife's family. It is not improbable that many men would avoid such a result if anticipated. Certainly, it is not a natural inference from common knowledge that he would not. We think, therefore, that, unless we can say that this policy became legally due upon the husband's death, the wife's administrator has no claim upon it. The policy reads as follows:

115 MICH.— 41.

"In consideration of the representations made in the application therefor, and of the premium in advance, as herein stipulated, consisting of the annual cash premium of forty and 34-100 dollars, to be paid at or before noon on or before the 22d day of May in every year during the continuance of this policy, doth assure the life of Robert C. Greiner, surveyor, of Grand Rapids, in the county of Kent, State of Michigan, for the benefit of himself, in the amount of two thousand dollars, for the term of his natural life. And the said company doth hereby promise and agree to pay the said sum assured, at its office, to the said beneficiary, or his executors, administrators, or assigns, in 60 days after due notice and proof of death of the said person whose life is hereby assured; the balance of the year's premium, and the amount of all other indebtedness to the company on account of this policy, if any, being first deducted therefrom."

The promise of the company is plain. It is to pay the sum assured, not upon death, but in 60 days after "due notice and proof of death." Unless we are to put a different construction upon these words in a policy of insurance than we would do were they found in another contract, we must conclude that this policy was not due at the time of the death of the wife, and, therefore, that the father became entitled to the proceeds. The learned circuit judge was of the opinion that the policy did not become due immediately after the death of the assured, and we are of the same opinion.

The decree is affirmed, with costs.

The other Justices concurred.