HENRY C. STENNECK, executor of Anne Altmann, deceased,

*v.*

CHARLES KOLB et al.

[Decided June 24th, 1920.]

1. A bequest by a wife to a husband lapses if he predeceases her, and the testator dies intestate as to property so bequeathed.

2. A devise of a *residuum* of real estate ordered to be sold by a wife to a husband who predeceased her fails, and there is a reconversion of the devise even though the land may have been previously sold, and the proceeds are to be regarded as land, and disposed of accordingly—following the blood.

3. Where an executor was directed to retain a sum from the sale of real property and pay the interest thereon to A, the interest begins to run from the time the sale might reasonably be made.

4. Where a will directs the sale of real estate, the rents of this real estate from the death of the testator until the actual sale go to the parties who take the proceeds.

On bill for construction of will.

*Mr. Matthew J. Tackella,* for the complainant.

*Mr. Harlan Besson,* for the defendants, Charles Kolb and Leopold Kolb.

LEWIS, V. C.

The testatrix, Anna Altmann, died in March, 1919. Her husband died about six weeks previously. The only heirs-at-law and next of kin of the testatrix were two sons by a former marriage, namely, Charles Kolb and Leopold Kolb. In her last will and testament reference is made to her two brothers, Franz Kolb and Joseph Kolb, but it is averred that they were not brothers of the testatrix, but brothers-in-law, being brothers of her first husband.

The significant portions of the will are as follows:

"FOURTH.—* * * All the rest and remainder of my personal property, except the money in bank as hereinafter mentioned, I do give and bequeath unto my husband, Basilius Altmann, for his own use absolutely and forever.

"FIFTH.—I do hereby instruct and authorize my executors to sell my house and property, known as No. 24 Van Dyke Street, Wallington, N. J., and my real estate at Metuchen, N. J., as soon as the same can be disposed of, but for a price not less than the costs thereof, which in the case of the Wallington property is $1800.00, and of the Metuchen property is $750.00. For the purpose of making such sale, my executors are hereby authorized and empowered to sell the said property either at public or private sale, and to give good and sufficient instruments of conveyance for the said property, in order to convey to the purchasers thereof a title sufficient at law.

"SIXTH.—Out of the proceeds of the sale of my real estate as above mentioned, my executors are directed to pay the following bequests, viz.—to my husband, Basilius Altmann, the sum of Seven hundred ($700) dollars for his own use absolutely and forever; the sum of Five

hundred ($500) dollars to my son, Leopold, when he arrives at the age of forty years, and until my said son, Leopold, arrives at the said age of forty years, he shall draw the interest of the said sum of five hundred dollars, for his own use absolutely;· and to my son, Charles, who, because of the sorrow and trouble which he has caused me during my lifetime, and because he is a spendthrift and lazy, does not deserve any further consideration from me, the sum of One dollar."

By the death of the husband, Basilius Altmann, before the testatrix, the bequests to him lapsed, and our statute, in this respect, does not prevent the lapsing, the husband not being included in its provisions. *4 Comp. Stat. p. 5866 § 22.*

The question that arises, therefore, is what disposition shall be made of the property of the testatrix, which otherwise would have gone to the husband had he not predeceased the testatrix.

As will be seen, the will first deals with a portion of the personal property, the *residuum* of which, after the payment of certain specific legacies, went to the husband.

It is the well-settled law of this state, that this residuary clause, having lapsed, and there being no other provision in the will for its disposition in such event, the testatrix died intestate as to that portion of her estate, and it will follow the intestate laws, and be divided equally between her two sons, Leopold and Charles.

The will also provided for the payment of $700 to the husband out of the proceeds of the sale of the real estate of the testatrix.

It is to be observed, that although the testatrix directed and authorized the sale of her real property, yet such sale was only to be made in case a certain price could be obtained, which might have some significance upon the question of whether or not this provision of the will produced an equitable conversion of the real estate, but however that may be, the law is well settled that where the purpose of the devise fails, then there is a reconversion, and even though the land may have been previously sold, the proceeds are to be regarded as land, and disposed of accordingly—following the blood.

Whether, therefore, the lapsed bequest of $700 to the husband is to be regarded as realty or personalty, its devolution would

be the same in this instance, because the two sons, Leopold and Charles Kolb, are the heirs-at-law as well as the next of kin of the testatrix, and they consequently will take. *Roy el al.* v. *Monroe et al., 47 N. J. Eq. 356; Molineaux* v. *Raynolds et al., 55 N. J. Eq. 187.*

The result is, that the sons, Leopold and Charles, also take the lapsed bequest of $700.

The will also provides that out of the proceeds of the real property the executor is to retain the sum of $500, and pay the income thereof to Leopold Kolb until he arrives at the age of forty years, when he is to receive the principal sum.

The executor is in doubt as to whether interest should be paid on this sum as of the date of the death of the testatrix, or only after the sale of the real property, which is the source of the fund.

The rule is stated to be in *40 Cyc. 2102,* as follows:

"Where legacies are directed to be paid out of the proceeds of the sale of property, and no time is directed by will for making the sale, the weight of the authority is that the legacies bear interest from the time when the sale might reasonably have been made."

In view of the provision of the will prohibiting the sale of real estate of the testatrix, unless a certain price can be obtained, it is clear that no sale can reasonably be made until such price is obtained. Of course, reasonable efforts should be made to effect a sale of the property in accordance with the terms of the will. If this be done then interest on the fund of $500 will not start to run until the sale has been accomplished and the proceeds are available for the purpose indicated.

The executor is also in doubt as to who is entitled to receive the rents collected from the real property until a sale is consummated.

"When the will directs the sale of real estate, the rents of the estate between the death of the testator and the actual sale go to the parties who take the proceeds." *Wright* v. *Church, Hoffm. (N. Y.) 202; Ingrem* v. *Mackey, 5 Redf. Surr. (N. Y.) 357; .9 Cyc. 850.*

At the time of the death of Basilius Altmann, the husband of the testatrix, he was insured in the Traveler's Insurance Company in the sum of $500. The insurance company has paid this money to the complainant as executor of the estate of Anna Altmann. There are no children of the marriage between Anna Altmann and Basilius Altmann. This forms part of the estate of the testatrix, and, having vested in her prior to her death, it forms part of her residuary personal estate, and now passes to her two sons, Leopold and Charles, as her next of kin, under the intestate laws, as heretofore indicated.

Finally, the costs of administration, and counsel fees obviously should be paid out of the estate in the hands of the executor.

A decree will be advised in accordance with these views.