## NORTHWESTERN MUT. LIFE INS. CO. OF MILWAUKEE, WIS., v. FINK.

### No. 8508.

Circuit Court of Appeals, Sixth Circuit.

April 8, 1941.

Harold H. Armstrong, of Detroit, Mich. (Armstrong, Weadock, Essery & Helm of Detroit, Mich., on the brief), for appellant.

Samuel D. Coburn and Joseph Mazer, both of Detroit, Mich., for appellee.

Before HICKS, HAMILTON and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

Suit by Fannie Fink, administratrix with the will annexed of the estate of Charlotte S. Wolf, appellee, against the Northwestern Mutual Life Insurance Company, appellant to recover certain proceeds of an insurance policy upon the life of Edwin A. Wolf.

The facts are undisputed.

Edwin A. Wolf married twice. He had two children, Virginia C. Wolf and Edwin Wolf, Jr., by his first wife. His first wife died and he married Charlotte S. Wolf. She had two children Janis and Maurice Harrison by a previous marriage. The policy was issued October 17, 1938, and it, with the application, constitutes the entire contract.

The policy was made payable immediately upon receipt of proof of death "to the direct beneficiaries and in the manner provided in the supplemental designation, attached to and made a part of" the policy. No beneficiary was named in the face of the policy but under the heading "Beneficiaries and Contingent Beneficiaries" it contained the following provision:

"11. Subject to the rights of any Assignee, the Insured (1) may designate one or more Beneficiaries if none be named herein, either with or without reservation of the right to revoke such designation; and (2) may designate one or more Contingent Beneficiaries whose interest shall be as expressed in, or by endorsement of the Company on, this Policy; and (3) may change any Beneficiary not irrevocably designated; and (4) may change any Contingent Beneficiary. If there be more than one Beneficiary the interest of any deceased Beneficiary, including any unpaid benefits due or to become due, shall pass to the surviving Beneficiary or Beneficiaries *unless otherwise directed by the Insured.* Upon the death of the last surviving Beneficiary the Contingent Beneficiary or Beneficiaries, if any, shall, *unless otherwise directed by the Insured,* succeed to all the interest of such Beneficiary, including any unpaid benefits due or to become due. * * *" (Italics ours.)

Under the heading "Special Provisions Relating to Settlement When This Policy Becomes Payable," were the following subsections:

"Deceased Beneficiary.

"3. If there be more than one Beneficiary living when this Policy becomes payable the interest of any such Beneficiary thereafter deceased, including any unpaid benefits due or to become due, shall pass to the surviving Beneficiary or Beneficiaries *unless otherwise directed by the Insured,* except that under Option 'C' the interest so passing shall be limited to the stipulated installments, if any, then remaining unpaid.

"Rights of Contingent Beneficiary.

"4. *Unless otherwise directed by the designator,* the surviving Contingent Beneficiary or Beneficiaries, if any, shall, upon the death of the last surviving Beneficiary, succeed to all the interest of such Beneficiary, including any unpaid benefits due or to become due, except that under Option 'C' such interest shall be limited to the stipulated installments, if any, then remaining unpaid." (Italics ours.)

Pursuant to clause 11 above quoted the insured made the following designation of beneficiaries, to wit:

"Duplicate

Policy Title Div.
1938 Oct 17 AM 10 09
Detroit, Mich. October 13, 1938
Insert Date

"I, Edwin A. Wolf, the insured under policy No. 2451621, issued by The North-

western Mutual Life Insurance Company, hereby designate Charlotte Wolf and Florence W. Gage, wife and sister, as direct beneficiaries under said policy, share and share alike. In the event of the death of Charlotte Wolf, such share as she would have been entitled to receive shall be payable to Virginia C. Wolf and Edwin Wolf, Jr., share and share alike, or to the survivor of them."

This designation became a part of the contract. Thus the policy stood, when insured died on November 10, 1938, at approximately 12:01 A. M. His wife, Charlotte S. Wolf, died twenty-two hours later.

Appellee's contention is that the right of Charlotte Wolf to one-half of the proceeds of the policy became vested in her upon the death of the insured and that appellee as her personal representative is entitled to recover such share. If this is sound the amount of the recovery under the will of Charlotte S. Wolf would be distributed to her children, Janis and Maurice Harrison.

■ The District Court found for appellee and upon motion entered a summary judgment in her favor. We concur in the opinion of the District Judge that there is no ambiguity in the contract but we reach a different result.

■ We must keep in mind at least two general rules applicable to life insurance policies as well as to all other contracts. First, the policy must be read as a whole; and second, effect must be given to the plain, ordinary and popular meaning of the language used. This is the law in Michigan (Hall v. Equitable Life Assur. Soc., 295 Mich. 404, 295 N.W. 204), as elsewhere.

Charlotte Wolf was, of course, a direct beneficiary,—but a beneficiary of what? The answer is, that she had a right to receive one-half of the proceeds of the policy. But this right was not unconditional nor unlimited. Even though insured had died, her right to receive the proceeds of the policy was not perfected, because she herself died before the execution and receipt of proof of his death.

But, this to one side, her right to receive any unpaid share of the proceeds of the policy terminated with her death. This is unquestionably true because the designation of beneficiaries must be read as a whole and in the event of her death "such share as she would have been entitled to receive" became payable to the Wolf children. The insured was fully authorized under paragraph 2 of clause 11 above quoted to designate the Wolf children as contingent beneficiaries and to fix their interest. He did this in simple language, easily understood. Appellant so understood and when the policy became payable, made settlement accordingly. It is now called upon to pay again.

■ To adopt appellee's insistence that Charlotte Wolf became vested with the right, title and ownership of one-half of the proceeds of the policy upon the death of the insured would be to rewrite the designation of beneficiaries. We would in effect, after the name Charlotte Wolf in the last sentence, insert the words "before the death of insured." But the insured made no such limitation. The change would constitute a material alteration which we are not authorized to make.

We are not called upon to search for the insured's intention. It is clearly expressed over his own signature. If it were necessary to look for the reason for his action it could probably be found in the natural instinct to protect, first, his widow during her life-time, and second his own rather than his step-children [see Northwestern Mut. Life Ins. Co. v. Greiner, 115 Mich. 639, 74 N.W. 187], or, in the possible contingency that the interest of his widow, Charlotte, would pass to his sister, Florence, as provided in clause 11, unless he otherwise directed. The same possibility "unless otherwise directed by the insured" lurks in clause 3 above quoted.

It is urged that the court erred in directing a summary judgment. The rule involved is 56(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ Assuming that we are correct in the view we have taken, we need not consider the point. If the judgment was erroneous it should be set aside regardless of the method pursued. The question will not again arise. "The case involves only propositions of law." Forged Steel Wheel Co. v. Lewellyn, 251 U.S. 511, 516, 40 S. Ct. 285, 287, 64 L.Ed. 380. There are no questions of fact to be retried.

The judgment is reversed and the case remanded to the District Court with directions to dismiss.