## ROSSETTI et al. v. HILL et al.

### No. 11235.

Circuit Court of Appeals, Ninth Circuit.

June 20, 1947.

For former opinion see 161 F.2d 549.

Lawler, Felix & Hall, of Los Angeles, Cal., for appellants.

Richard H. Forster and Chauncey E. Snow, both of Los Angeles, Cal., for appellees P. B. Hill, Joanne Hill, and Patricia Hill Harder.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

The question of jurisdiction is raised by the appellees on petition for rehearing on the ground that Section 2, Article III, of the United States Constitution and the Judicial Code, Section 24, 28 U.S.C.A. § 41, do not give jurisdiction to the federal district court in an interpleader action where all claimants to the fund are residents of the same state.

The appellees rely on the decision in Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. In that case the Supreme Court held that the federal district court had jurisdiction under 28 U. S.C.A. § 41(26) where one of the claimants to the fund and the interpleader were citizens of the same state, the claimants to the fund being citizens of different states. The court suggests that the real controversy is between the adverse claimants and that the complainant is a proper party for the determination of the controversy between adverse claimants who are citizens of different states. The complainant deposits the fund which demonstrates his disinterestedness as between the claimants and as to the property in question. In a footnote at page 73, of 308 U.S., at page 18 of 60 S. Ct., the court makes the following statement: "We do not determine whether the ruling here is inconsistent with the conclusion in those cases where jurisdiction was rested on diversity of citizenship between the applicant and cocitizens who are claimants. (Mallers v. Equitable Life Assur. Soc., 7 Cir., 87 F.2d 233, certiorari denied 301 U. S. 685, 57 S.Ct. 786, 81 L.Ed. 1343, (New York corporation impleads Illinois claimants); Security Trust & Savings Bank of San Diego v. Walsh, 9 Cir., 91 F.2d 481, (English corporation impleads California claimants); Penn. Mut. Life Ins. Co. v. Meguire, D.C. [W.D.Ky.], 13 F.Supp. 967, 971 (Pennsylvania corporation impleads Kentucky claimants); Turman Oil Co. v. Lathrop, D.C. [W.D.Okl.], 8 F.Supp. 870, 872 (Delaware corporation impleads Oklahoma claimants)."

It seems clear that the reason for the interpleader is not negatived by the fact that the claimants to the fund all reside in the same state. The usefulness of the pro-

ceeding is in the protection of the party against conflicting claims. Jurisdiction is laid by the allegations of the complaint. The complaint in this case is that the complainant is a party to a controversy which cannot be settled by any single action against it and cannot be settled by any action of its own without double payment. The controversy is settled by the sensible process of bringing all parties into one court proceeding.

The Treinies case, supra, is distinguishable from the instant case in that the interpleader's citizenship differs from that of the claimants who are co-citizens. The Security Trust case, supra, and the Mallers case, supra, both containing the same fact situation as the instant case hold that the jurisdictional requirements are met under 28 U.S.C.A. § 41(1). The Interpleader Act, 28 U.S.C.A. § 41(26), did not abrogate the right to bring interpleader suits in the federal courts under 28 U.S.C.A. § 41(1); that is, the interpleader statute was intended to afford a remedy in situations where interpleader had previously been unavailable. The conclusion drawn was that the statute being remedial, it supplements rather than supplants the earlier statute. Thus, an interpleader suit may be brought in a federal court where the interpleader's domicile differs from the claimants who are domiciled in another state. 28 U.S.C.A. § 41(1).

The petition for rehearing is denied.