## PEOPLE'S NAT. BANK v. NORTHWESTERN MUT. LIFE INS. CO.

Court of Appeals of Kentucky.
March 16, 1951.

Boyd, Boyd & Williams, Paducah, for appellant.

Earle T. Shoup, Paducah, for appellee.

CAMMACK, Chief Justice.

This action involves the construction of a life insurance policy in the face amount of $10,000 issued by the appellee, the Northwestern Mutual Life Insurance Company, on the life or Dr. Jacob N. Bailey. Dr. Bailey died on December 1, 1948, at which time his then wife, Thelma D. Bailey, was named beneficiary and his son, George T. Bailey, was named contingent beneficiary. Mrs. Bailey died on January 30, 1949. The appellant, The People's National Bank, executor of the estate of Mrs. Bailey, filed a petition, with the insurance policy annexed, seeking to recover of the appellee the proceeds of the policy. The appellee's demurrer to the petition was sustained and upon the appellant's failure to plead further, judgment was entered for the appellee, from which this appeal is taken.

The sole issue is whether under the terms of the policy and the endorsements thereon, the appellant, as executor of Mrs. Bailey's estate, or the contingent beneficiary, Mr. George T. Bailey, is entitled to the proceeds of the policy. The appellant maintains that Mrs. Bailey acquired a vested interest in the proceeds of the policy upon the insured's death. The appellee maintains that under the insured's election of Option A as to the method of payment, Mrs. Bailey was entitled to the proceeds only insofar as she withdrew them during her lifetime. Mrs. Bailey withdrew none of the proceeds.

The pertinent provisions of the policy and its endorsements follow:

### "General Provisions

"11. Subject to the rights of any Assignee, the Insured (1) may designate one or more Beneficiaries if none be named herein, either with or without reservation of the right to revoke such designation; and (2) may designate one or more Contingent Beneficiaries whose interest shall be as expressed in, or by endorsement of the Company on, this Policy; and (3) may change any Beneficiary not irrevocably designated; and (4) may change any Contingent Beneficiary. If there be more than one Beneficiary the interest of any deceased Beneficiary, including any unpaid benefits due or to become due, shall pass to the surviving Beneficiary or Beneficiaries unless otherwise directed by the Insured. Upon the death of the last surviving Beneficiary the Contingent Beneficiary or Beneficiaries, if any, shall, unless otherwise directed by the Insured, succeed to all the interest of such Beneficiary, including any unpaid benefits due or to become due. If no Beneficiary or Contingent Beneficiary survives the Insured the proceeds of this Policy shall be payable to the executors, administrators or assigns of the Insured. No such designation, revocation, change or direction shall be effective unless duly made in writing and filed at the Home Office of the Company (accompanied by this Policy for suitable endorsement) prior to or at the time this Policy shall become payable.

### "Special Provisions Relating To Settlement When This Policy Becomes Payable

"1. The Insured shall have the right, with the privilege of revocation and change before this Policy becomes payable, to elect payment of the net proceeds, in whole or in part, under either Option 'A,' 'B,' 'C,' or 'D,' or under two or more of said options. The Beneficiary or Beneficiaries when this Policy becomes payable shall have the same right and privilege if no such election by the Insured be then in force; and, if there be then living no Contingent Beneficiary designated by the Insured, shall have the right at any time, with the privilege of revocation and change, to designate a Contingent Beneficiary or Beneficiaries whose interest shall be as expressed in or endorsed by the Company on this Policy. * * *

"4. Unless otherwise directed by the designator the surviving Contingent Beneficiary or Beneficiaries, if any, shall, upon the death of the last surviving Beneficiary, succeed to all the interest of such Beneficiary, including any unpaid benefits due or to become due, except that under Option 'C' such interest shall be limited to the stipulated installments, if any, then remaining unpaid.

"5. At the death of the last surviving Beneficiary if there be no Contingent Beneficiary then living, or at the death of the last surviving Contingent Beneficiary occurring subsequently thereto, any amount retained by the Company under Option 'A'; any remainder of the fund under Option 'D'; the commuted value, on the basis of compound interest at three per cent. per annum, of any limited installments under Option 'B' or any stipulated installments under Option 'C', then remaining unpaid; shall, unless otherwise directed by the designator with the consent of the Company, be paid in one sum to the executors, administrators or assigns of such last surviving Beneficiary or Contingent Beneficiary upon due surrender of this Policy.

"6. The person then entitled as Beneficiary shall upon due surrender of this Policy have the right at any time, provided the designator of such Beneficiary shall not have specifically withheld such right, to withdraw any proceeds retained under Option 'A'; the commuted value, determined as provided in the above paragraph numbered '5,' of any unpaid installments under Option 'B'; or any remainder of the fund under Option 'D'. Payments under Option 'C' shall not be subject to commutation except as provided in the above paragraph numbered '5'.

"7. Option A: To have the whole or any designated part of the net proceeds retained by the Company until the death of the last surviving Beneficiary or Contingent Beneficiary, the Company in the meantime to pay interest thereon monthly at the minimum rate of $2.47 per $1,000. of the amount so retained, the first payment being due at the end of one month."

Options B and C are periodic payment plans.

The last endorsements as to beneficiaries and settlement follow:

"May 9, 1936. By request of the insured, all prior designations of beneficiaries and contingent beneficiaries are revoked. Thelma D. Bailey, wife, is designated as beneficiary. George T. Bailey, son, is designated as contingent beneficiary. The right to change or revoke the foregoing is reserved to the insured. The rights of the payees herein designated shall be subject and subordinate to any outstanding indebtedness on account of this policy in favor of the Insurance Company."

"May 9, 1936. All prior designations of option settlement and amendment thereto are revoked and settlement of the full proceeds of this policy shall be made with Thelma D. Bailey, the beneficiary, in accordance with the provisions of Option A, with the privilege of surrender and withdrawal. In event of the death of the beneficiary, settlement with George T. Bailey, the contingent beneficiary, shall be made under Option A, with the privilege of withdrawing one-third (⅓) of the proceeds after attaining the age of 27 years and any remaining proceeds retained under Option A after attaining the age of 32 years; provided that, if at any time the amount of the proceeds retained under Option A is less than $1,000., then said contingent beneficiary shall have the privilege of surrender and withdrawal as to the amount so retained; provided however, in event of the death of the beneficiary while receiving settlement under Option B or C, which may have been elected in lieu of payment in one sum on surrender, then the contingent beneficiary shall continue under the option effective in accordance with its terms as to the stipulated installments remaining unpaid, if any, with the privilege of commutation after attaining the age of 32 years. The right to surrender and withdraw or commute shall be withheld from the contingent beneficiary except as expressly permitted in this endorsement."

On December 22, 1948, Mrs. Bailey submitted proof of death and thereon purported to select Option A as a method of payment. Actually the insured elected Option A as the method of payment, with certain rights of withdrawal and surrender given to the beneficiaries.

■ This is a case of first impression in Kentucky. The general rule seems to be that if the insurance contract does not contain a provision to the contrary, the executor or administrator of a direct beneficiary who dies after the death of the insured, but

before receiving the proceeds of the insurance benefits, is entitled to the proceeds rather than a contingent beneficiary. Annotation, 172 A.L.R. 642.

There are two cases bearing on this question, which involved policies issued by the Northwestern Mutual Life Insurance Co., as in this case. In Northwestern Mutual Life Insurance Co. v. Fink, 6 Cir., 118 F. 2d 761, 762, it was held that the contingent beneficiaries took the unpaid proceeds of the policy rather than the estate of the direct beneficiary whose death followed the insured's death. The policy in the Fink case apparently was identical with the policy in the instant case, except as to the endorsements. In the Fink case the endorsement read: "I, Edwin A. Wolf, the insured under policy No. 2451621, issued by The Northwestern Mutual Life Insurance Company, hereby designate Charlotte Wolf and Florence W. Gage, wife and sister, as direct beneficiaries under said policy, share and share alike. In the event of the death of Charlotte Wolf, such share as she would have been entitled to receive shall be payable to Virginia C. Wolf and Edwin Wolf, Jr., share and share alike, or to the survivor of them."

In Rossetti v. Hill, 9 Cir., 161 F.2d 549, 551, 172 A.L.R. 638, it was held that the estate of the direct beneficiary whose death followed that of the insured, rather than the contingent beneficiaries, took the unpaid proceeds of the policy. The policy in the Hill case was, except as to endorsements, substantially the same as the one in the instant case, although not identical. The court distinguished the Fink case on the ground that the endorsement provision in the Fink case differed from that in the Hill case.

The Hill case is distinguishable from the instant case in two respects. First, in this case the insured elected Option A, under which an affirmative act was necessary on the part of Mrs. Bailey to withdraw the proceeds, whereas in the Hill case no election had been made. Consequently the direct beneficiary was entitled to receive directly the entire proceeds, and only by his election of one of the options would the company retain the proceeds under various plans. Secondly, the endorsement as to settlement in the case at bar indicates that it was the intention of the insured that the contingent beneficiary take whatever remains after the death of Mrs. Bailey, whenever her death should occur. We may note in this connection what was said in the Hill case, relied on by the appellant. The statement follows: "* * * If, when insured named his wife as direct beneficiary, he had intended that the phrase 'including any unpaid benefits due or to become due' should mean that all of the proceeds of the policy should be paid to the contingent beneficiaries in the circumstances, it would have been consistent for him to have provided that any unpaid installments under the option plan should, upon the widow's death, be paid to the contingent beneficiaries. * * *"

The endorsement in the case at bar comes almost squarely within the quoted language of the Hill case. The wording of the endorsement indicates the insured contemplated that the proceeds retained under Option A might diminish to $1,000.00, a situation which could arise only if Mrs. Bailey withdrew some of the proceeds after the death of the insured.

The appellant asks the court to construe the endorsement so as to give the contingent beneficiary an interest, where the direct beneficiary survives the insured, only where the direct beneficiary, by withdrawal from Option A, elects to take under Options B and C. This is a possible construction but one which, in our view, would violate the tenor of the whole instrument.

In the Fink case the court said that to hold the direct beneficiary to have acquired a vested interest would require the addition of the words "before the death of the insured" to the endorsement and that this would constitute an unauthorized material alteration. It is sufficient to say that in our opinion the insured, by his endorsement as to settlement, manifested clearly an intent that the contingent beneficiary succeed to all the interest in the proceeds of the policy undisposed of by Mrs. Bailey during her lifetime.

Judgment affirmed.