**ISAACS v. WALMAC CO., Inc.**
**Civ. A. No. 1397.**

United States District Court
D. Rhode Island.
March 12, 1954.

342

Matthew W. Goring and Thomas J. Hogan, Providence, R. I., for plaintiff.

Albert A. Baker and Walter I. Sundlun, Providence, R. I., for defendant.

DAY, District Judge.

This is an action wherein the plaintiff, a citizen and resident of the Commonwealth of Massachusetts, seeks to recover the sum of $10,230 from and a declaratory judgment against the defendant, a corporation incorporated under the laws of the State of Rhode Island. The jurisdiction of this Court is based upon diversity of citizenship and the existence of a controversy in the required jurisdictional amount.

The complaint alleges in substance that the defendant, being the owner of certain real estate situated in the City of Providence in the State of Rhode Island, prior to May 16, 1952, undertook and agreed to pay the plaintiff a commission if plaintiff should procure a tenant for all or any part of said real estate at a rent which defendant should decide to accept. The complaint further alleges that the plaintiff did procure a tenant with which the defendant thereafter, on, to-wit, May 16, 1952, entered into a lease of a portion of its said real estate for a period of fifteen years; that shortly thereafter the defendant entered into a second lease with said tenant which modified said original lease in certain respects; and that said modifying lease was procured by the efforts of the plaintiff. Based upon the terms of defendant's undertaking as alleged by the plaintiff, the plaintiff seeks judgment in the sum of $10,230 together with interest and costs and a declaratory judgment that the defendant is under a duty to pay to the plaintiff certain percentages of monies to be afterwards received by it under said original lease as modified.

The defendant's answer consists of seven defenses, the seventh of which is entitled "Counterclaim for Interpleader". In this defense the defendant alleges in substance that the entire commission properly chargeable on the transaction involved herein would be $4,725; that there is due the sum of $1,500 to one

Arthur A. Singer, an attorney-at-law practicing in New York City, and a further sum due from the plaintiff to Walter I. Sundlun, the attorney for the defendant, undetermined in amount. This defense concludes. with. a demand that this Court adjudge the respective amounts due to the plaintiff, the said Arthur A. Singer, and the said Walter I. Sundlun, that the said Singer and the said Sundlun be made defendants and that they and the plaintiff be ordered to interplead their respective claims, etc.

The matter is now before this Court on the plaintiff's motion to dismiss the "Seventh Defense" on the ground that it fails to state a claim upon which relief can be granted.

By agreement of counsel it has been submitted to this Court as presently constituted upon briefs and a transcript of argument of counsel made on December 1, 1952.

Defendant's answer fails to indicate whether said "Counterclaim for Interpleader" is filed pursuant to the provisions of 28 U.S.C.A. § 1335 or pursuant to the provisions of Rule 22(1) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ If it seeks to invoke interpleader under 28 U.S.C.A. § 1335, the defendant is not entitled to relief because of its failure to comply with the provisions thereof. It is clear that under said statute the person seeking such relief must first deposit the fund to which adverse claims are made with the clerk of the court or give bond as therein specified. Since the defendant has not complied with either of these requirements this Court cannot entertain said "Counterclaim for Interpleader". Edner v. Massachusetts Mut. Life Ins. Co., 3 Cir., 1943, 138 F.2d 327; Pacific Mut. Life Ins. Co. v. Lusk, D.C.W.D.La.1930, 46 F.2d 505.

■ On the other hand if said "Counterclaim for Interpleader" is considered as filed under Rule 22(1) of the Federal Rules of Civil Procedure, the Court is of the opinion that it is likewise without jurisdiction to hear and determine it. Rule 22(1) permits a plaintiff or a defendant against whom several claims are asserted to require the claimants to interplead when their claims are such that the plaintiff or defendant is or may be exposed to double or multiple liability. However, under Rule 22(1) the ordinary requirements of diversity of citizenship under 28 U.S.C.A. § 1332 must be satisfied. Diversity of citizenship must exist between the party seeking interpleader and the claimants. Boice v. Boice, 3 Cir., 1943, 135 F.2d 919; Fidelity & Casualty Co. of New York v. Wilson, D.C.E.D.S.C. 1952, 105 F.Supp. 454; Girard Trust Co. v. Vance, D.C.E.D.Pa.1946, 5 F.R.D. 109.

■ The defendant, Walmac Company, Inc., in behalf of which the "Counterclaim for Interpleader" has been filed is a corporation organized under the laws of the State of Rhode Island. One of the claimants whom it seeks to interplead, Walter I. Sundlun, is a resident of Rhode Island. In view of this fact the diversity of citizenship requirement under 28 U.S.C.A. § 1332 and Rule 22(1) is not satisfied and therefore this Court has no jurisdiction to hear and determine the "Counterclaim for Interpleader".

Since this Court lacks jurisdiction to hear and determine the "Counterclaim for Interpleader" under both Title 28 U.S.C.A. § 1335 and Title 28 U.S.C.A. § 1332, and Rule 22(1) of the Federal Rules of Civil Procedure, the plaintiff's motion to dismiss is granted, and the "Seventh Defense" captioned "Counterclaim for Interpleader" is hereby dismissed.