JEFFERSON STANDARD LIFE INSUR-
ANCE COMPANY, Plaintiff,

v.

Thelma B. SMITH and R. Hoke Robinson,
Administrators c.t.a. of the Estate of
Thaddeus Joseph Blakewood, deceased,
and Shaw Rushton, Administrator of
the Estate of Lucy Rushton Blakewood,
deceased, Defendants.

Civ. A. No. 5474.

United States District Court
E. D. South Carolina,
Columbia Division.

Aug. 1, 1956.

Roberts, Jennings, Thomas & Lumpkin,
Columbia, S. C., for plaintiff.

Robinson, McFadden & Dreher, Colum-
bia, S. C., William L. Rhodes, Jr., Hamp-
ton, S. C., for defendants Thelma B.
Smith and R. Hoke Robinson, Adms. c.
t. a. Estate of Thaddeus Joseph Blake-
wood, deceased.

Jeff D. Griffith, Saluda, S. C., Randolph
Murdaugh, and J. Robert Peters, Jr.,
Hampton, S. C., for defendant Shaw
Rushton, Adm. of Estate of Lucy Rush-
ton Blakewood, deceased.

TIMMERMAN, Chief Judge.

In this action, plaintiff seeks to inter-
plead rival claimants to the proceeds of
two policies of insurance on the life of
Thaddeus Joseph Blakewood. It is al-
leged that the primary beneficiary of the
two policies and the insured died in a
common disaster and that conflicting
claims to the proceeds of the two policies
have been filed with plaintiff by the ad-
ministrator of the estate of the deceased
primary beneficiary and the administra-
tors c. t. a. of the estate of the deceased
insured. On February 1, 1956, this Court
issued an order enjoining the defendants
from instituting or further prosecuting
any suit or proceeding in any State or
Federal Court on account of the two men-
tioned policies and requiring the defend-
ants to appear and show cause why the
said injunction should not be made per-
manent. Thereafter, a hearing was held
at chambers. All the parties were rep-
resented.

The sum of $24,031.80, representing
the full amount payable under the two

policies of insurance with interest, has been deposited with the Clerk of this Court.

The return of the administrator of the estate of the deceased primary beneficiary raises the question of jurisdiction. It is contended that the Court lacks jurisdiction in that the only controversy in this action is between the legal representatives of the two rival estates, all of whom are citizens of South Carolina.

■■ The contention is sound in so far as jurisdiction under 28 U.S.C.A. Section 1335 is concerned, for that section expressly provides as a condition to the invocation of the Court's jurisdiction that two or more of the rival claimants must be of diverse citizenship. But plaintiff also asserts as a basis for jurisdiction the general diversity jurisdiction of 28 U.S.C.A. Section 1332. Under the latter section, jurisdiction does exist. This conclusion is supported by the following decisions: John Hancock Mutual Life Ins. Co. v. Kraft, 2 Cir., 1953, 200 F.2d 952; Ellington v. Metropolitan Life Ins. Co., 5 Cir., 1954, 217 F.2d 609; Johnson v. Remy, 5 Cir., 1955, 220 F.2d 73; Kerrigan's Estate v. Joseph E. Seagram & Sons, 3 Cir., 1952, 199 F.2d 694; Rossetti v. Hill, 9 Cir., 1947, 162 F.2d 892, 172 A.L.R. 821; Fidelity & Casualty Co. of New York v. Wilson, D. C.E.D.S.C.1952, 105 F.Supp. 454; E. C. Robinson Lumber Co. v. Fort, D.C.E.D. Mo.1953, 112 F.Supp. 242; Fireman's Fund Ins. Co. v. Irwin, D.C.N.D.Ga.1948, 82 F.Supp. 180; Isaacs v. Walmac Co., D.C., 15 F.R.D. 341. See also the annotation in 172 A.L.R. 823 at 824. What is now 28 U.S.C.A. Section 1335 was enacted to supplement rather then to supplant the long existent equitable remedy of interpleader under 28 U.S.C.A. Section 1332. Under the latter, jurisdiction exists where there is diversity of citizenship between the stakeholder and the adverse claimants and the amount in controversy exceeds $3,000.

Cramer v. Phoenix Mut. Life Ins. Co., 8 Cir., 1937, 91 F.2d 141, is cited as authority against sustaining jurisdiction, but this Court does not so interpret that decision. The question of jurisdiction under 28 U.S.C.A. Section 1332 was not raised. Maryland Cas. Co. v. Boyle Construction Co., 4 Cir., 1941, 123 F.2d 558, also cited as authority against sustaining jurisdiction, did not deal with the question of interpleader.

■ It is also urged that the bill should be dismissed for want of equity. It appears that an action has been commenced in the State Court by one of the defendants herein against the plaintiff herein. It is argued that under State procedure (Section 10–219, Code of Laws of South Carolina, 1952) plaintiff could implead the other defendant herein in the State Court action and obtain a complete determination of this controversy. Flanagan v. Marvel, D.C.D.Minn.1950, 94 F.Supp. 145, is cited in support of this line of argument. It appears, however, that the Flanagan case was an action *quasi in rem* involving conflicting claims to personal property in the hands of an executor, and the Court expressed some doubt as to whether or not the interpleader statute conferred upon it jurisdiction over the *res* of a pending action *in rem* in a State Court. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226. While the Court did not base its dismissal of the bill of interpleader upon the Kline decision, it was possibly influenced by it to some extent. In any event, this Court does not agree with the reason assigned in the Flanagan case for the dismissal nor does this Court agree with Mutual Life Ins. Co. of New York v. Egeline, D.C.N.D.Cal.1939, 30 F.Supp. 738, cited in the Flanagan case. Both cases held that the stakeholder's bill of interpleader in the Federal Court was lacking in equity since the risk of multiple liability had been eliminated by the presence of all interested parties in the previously instituted State Court action. It would seem that the risk of multiple liability can never be regarded as eliminated until some Court of competent jurisdiction has issued a valid order discharging the stakeholder from liability.

It does not appear in either the Flanagan or the Egeline case that such an order had been issued.

In Maryland Casualty Co. v. Glassell-Taylor & Robinson, 5 Cir., 1946, 156 F.2d 519, a sounder view is taken. There the Court said:

> "We consider it important that the usefulness of the statutory remedy of interpleader, which has been greatly enlarged by the Interpleader Act of 1936 and by Rule 22 of the Federal Rules of Civil Procedure, should not be impaired by narrow and restrictive rulings. In such cases where jurisdiction clearly appears, Federal District Courts do not have the right to decline to exercise that jurisdiction in litigation involving no important question of the public policy of the State." 156 F.2d at page 524.

There is another reason why this Court is not disposed to follow the Flanagan and Egeline decisions. In the State Court action heretofore commenced, all of the parties to the controversy are not represented. It is merely asserted that all of the parties *can* be made parties to that action. While that may be true, it does not seem that plaintiff should be required to risk its rights on the possibility that the State Court will act to protect those rights, especially when all of the parties are now before this Court.

It is therefore ordered:

1. That the defendants are required to interplead and settle between themselves their conflicting claims to the proceeds of the two mentioned policies of insurance deposited with the Clerk of this Court.

2. That the defendants are perpetually enjoined from prosecuting any suit or proceeding in any Court other than this Court, to collect the respective amounts due under the two mentioned policies of insurance.

3. That plaintiff is discharged from further liability to any of the defendants herein on account of the two mentioned policies of insurance.

4. That plaintiff is allowed to recover its reasonable costs, amounting to $58.60, in bringing this action plus $100 attorneys' fees.